## Staunton.

## CLEAVER AND AL. v. MATTHEWS AND ALS.

### OCTOBER 6th, 1887.

EQUITABLE JURISDICTION AND RELIEF—*Vendor and Vendee—Bill—De-murrer—Case at bar.*—A bill by vendees averring purchase of two parcels of land at a price named, and execution of trust-deed for unpaid purchase-money; prior sale of four acres of the land to B., whereof vendees had no notice; delivery of deed, with general warranty, by vendor to them, with plat of boundaries, whereof they had till then been ignorant, as well as that the four acres was part of one of these parcels; the cutting off of the valuable timber on the four acres before delivery to them of the deed and plat; the damage to them by reason of such cutting; the advertisement for sale of both parcels, whereas one was ample; the insolvency of their vendor; and praying for an injunction to the sale, and for a credit on the balance of purchase-money to the extent of the damages aforesaid, and for general relief; but not averring whether the cutting was done before or after their purchase, or by whom it was done, or that they did not get all the land they contracted for—

HELD:

   Bad for want of certainty and precision, and for want of equity.

Appeal from decree of circuit court of Frederick county, pronounced November 27th, 1886, in the cause of V. and J. H. Cleaver, plaintiffs, against P. T. Matthews and others, defendants, dissolving an injunction and sustaining a demurrer to the plaintiff's bill.

The bill averred that in September, 1883, the appellants entered into a written contract with the appellee, Matthews,

to purchase two contiguous tracts of land—one containing about sixty-eight acres, the other about three acres—at a stipulated price; that when the contract was entered into the vendor agreed to furnish a plat of the land showing its metes and bounds; that a deed conveying the land, with general warranty, was made, but not until the summer of 1884, and that the plat was not delivered until November, 1885; that prior to the date of the contract, above mentioned, Matthews had contracted to sell, and did sell, four acres of the sixty-eight-acre tract to one Boyer, and put him in possession thereof, though no deed to Boyer was made; that afterwards Boyer sold and delivered possession of the said four acres to W. and J. Hottell, who in turn sold the same to one Shull; that at the time the complainants bought the land they had no notice of the sale to Boyer, and that when the deed and plat were delivered to them all the timber had been cut from the said four acres.

It was also averred that the complainants, under their contract, were not entitled to possession of the land until March, 1884, and that they were ignorant of the exact boundaries of the land until the plat was delivered, when, for the first time, they became acquainted with them; that they then ascertained that the said four acres were embraced in their contract and in the deed of Matthews to them, and that by reason of the timber having been cut they had sustained great loss, etc.

It was also averred that Matthews was insolvent, and that the trustee in the deed of trust executed on the land, and another parcel of ten acres, by the complainants to secure the payment of the purchase-money, had advertised the land for sale; that all the land conveyed by the deed of trust had been advertised, whereas the sixty-eight-acre tract alone was amply sufficient to pay the balance of purchase-money remaining unpaid; that the printed adver-

tisement of sale misdescribed the last-mentioned tract, it being described therein as having been conveyed to Matthews by deed from E. H. Boyd and R. T. Barton, special commissioners, and *U. L. Boyce*, whereas it, in fact, had been conveyed by Boyd and Barton, special commissioners, and G. L. Boyer. And the prayer of the bill was that the sale be enjoined; that the complainants be allowed a credit on the balance due by them to the amount of the loss sustained by them as aforesaid, and for general relief.

An injunction was awarded, and afterwards the defendants demurred to the bill, and at the hearing the injunction was dissolved and the demurrer was sustained, with leave to the complainants to file an amended bill. They declined, however, to do so, and, upon their application, an appeal was allowed by one of the judges of this court.

*A. R. Pendleton*, for the appellants.

*Harrison & Byrd*, for the appellees.

LEWIS, P., after stating the case, delivered the opinion of the court.

We are of opinion that the decree is plainly right. The bill is demurrable on several grounds. In the first place, it lacks certainty and precision. It complains that the timber on four acres of the land has been cut, but it does not charge that the cutting was done after the land was purchased by the complainants, and, for aught that is alleged to the contrary, it may have been done before that time. That it was subsequently done is altogether a matter of inference. But, assuming that it was subsequently done, the result is the same; for at most it amounts to a mere trespass on the land, which is not even charged to have been done by Matthews. Indeed, the inference is that

it was done by Boyer, or the Hottells, or Shull, or all of them, and not by Matthews.

Nor is this all. The suit is not brought to obtain compensation.for a deficiency in the stipulated quantity of the land, for there has been no deficiency. It is conceded that the complainants got, and are in possession of, all the land for which they contracted. So that the case is simply this: The complainants are seeking by a suit in equity to set-off against the unpaid balance of purchase-money the unliquidated damages they have sustained by reason of the trespass or trespasses aforesaid, which cannot be done. Their remedy, if they have been injured as they claim, is at law. A suit in equity cannot be changed into an action of trespass. Nor would the fact of the insolvency of the vendor give jurisdiction to a court of equity to enter such a decree as is prayed for, even if the injury complained of had been caused by the acts of the vendor himself. *Robertson* v. *Hogsheads*, 3 Leigh, 667; *Buzard* v. *Houston*, 119 U. S. 347; *Wash. Sav. Bank* v. *Thornton, ante*, p. 157.

As to the misdescription of the land in the trustee's advertisement of sale, it is sufficient to say that that question is no longer a practical one in the case. The sale was enjoined upon the filing of the bill, and when the injunction was dissolved the proposed time of sale had passed. Another advertisement will, therefore, be necessary before the land can be sold, and when that is made the mistake in the first (which was doubtless a typographical error) can be corrected, or rather avoided.

Complaint is also made of the decree because all the land was advertised for sale by the trustee, whereas the allegation of the bill, admitted to be true by the demurrer, is that the sixty-eight acre tract alone is amply sufficient to pay the unpaid balance of purchase-money secured by the trust deed. The statute provides that a trustee, under circumstances like the present, shall sell the property con-

veyed, "or so much thereof as may be necessary." Code 1873, ch. 113, § 6. And it is therefore improper, ordinarily, for the trustee to sell more than is sufficient to satisfy the secured debt. But this does not forbid his advertising, in his discretion, the whole of the trust subject, for before the property is actually offered for sale it cannot always be known with certainty how much it will be necessary for him to sell. The presumption is that the trusteee will do his duty, and in the present instance, he having advertised the land in parcels, the presumption is that when the sale is made no more of the land will be sold than is necessary under all the circumstances, having regard to the interests of all parties.

Upon a similar question in *Michie* v. *Jeffries*, 21 Gratt. 334, the court said: "We do not mean to say that he (the trustee) must sell precisely so much as may be sufficient to satisfy the purposes of the trust, and no more. It may be difficult or impossible to do this, and it may, in fact, be a breach of trust to do it. He cannot so divide and sell the land as to do unnecessary injury to the owner. He is the agent of both parties, and must consult and respect the rights of both. The sale of a part of a tract of land may injuriously affect the sale or value of the balance, and it may be the duty of the trustee to sell the whole tract, or more of it than is required for the purposes of the trust— especially if desired by the owner of the land to do so. By duly considering the rights, interests and wishes of the parties, an intelligent and faithful trustee will rarely find any difficulty in the discharge of his trust." The decree is affirmed.

DECREE AFFIRMED.