## WILLIAMS et al. v. MAGOUIRK.
### (No. 8587.)

(Court of Civil Appeals of Texas. Dallas. Nov. 5, 1921. Rehearing Denied Dec. 10, 1921.)

1. **Venue ⚖️5(2), 7—Suit for work and labor may be brought in county where performed if lien exists on property therein.**

The law providing that venue may be laid in the county where work and labor is performed applies only to suits of which the justice court has jurisdiction, and not to suits over which the county or district court may have jurisdiction, under Rev. St. 1911, art. 2308, subd. 4, as amended by Act March 29, 1917 (Laws 1917, c. 124, § 1 [Vernon's Ann. Civ. St. Supp. 1918, art. 2308, subd. 4]), but venue may be laid in such county where a lien exists on property therein.

2. **Mines and minerals ⚖️117—Evidence held to show oil well driller performed labor entitling him to lien.**

In an action to foreclose a lien on machinery used in drilling oil well, evidence *held* to show that plaintiff "performed labor * * * used in the digging, drilling, operating, completing, maintaining, or repairing an oil and gas well," etc., within the meaning of Acts 35th Leg. (1917) c. 17, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 5639a), relating to liens for labor performed, though no well was actually drilled.

3. **Constitutional law ⚖️70(1)—Provisions not extended beyond apparent intent of Legislature.**

Court cannot by implication or by interpretation, not authorized by the plain language of an act, extend the provisions thereof beyond that which it is apparent the Legislature alone intended same to apply.

4. **Mines and minerals ⚖️112(3)—One performing labor on oil well entitled to lien on appurtenances.**

Acts 35th Leg. (1917) c. 17 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5639a–5639h), provides for a lien on appurtenances to an oil or gas well, buildings, pipe lines, leasehold interest, and land used in operating for oil, gas and other minerals, for labor performed under proper contract of employment as provided for by section 1 (article 5639a) of such act.

5. **Mines and minerals ⚖️112(3)—Certain machinery and materials held not "appurtenances" to oil well.**

A derrick, engine, pumps, rotary, casing, drill joint, swivel, crown block, traveling block, line shaft, and drill were not appurtenances to an oil or gas well intended to be, but not, drilled, or a leasehold which has ceased to exist, or a leasehold interest which, if it did exist at time suit was filed, was not sought to be subjected to a lien under Acts 35th Leg. (1917) c. 17, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 5639a), giving a lien for labor performed under contract in drilling, maintaining, or repairing oil or gas well on the land or leasehold interest and appurtenances; the word "appurtenances" meaning attached to or belonging to another thing as principal and passing as an incident to such principal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Appurtenance—Appurtenant.]

Appeal from District Court, Wood County; J. B. Warren, Judge.

Suit by H. J. Magouirk against B. W. Williams and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

John Doyle, of McKinney, for appellants. Jones & Jones, of Mineola, for appellee.

VAUGHAN, J. This suit was instituted in the district court of Wood county by appellee, H. J. Magouirk, against B. W. Williams, J. W. Shepperd, C. E. Hood, R. A. Davis, and E. Wiseman, as defendants, resident citizens of Collin county, state of Texas, to recover $890, and to foreclose laborer's lien upon certain property described in petition filed in said suit, which in part reads as follows:

"That the defendants are each and all partners in the Texas Production Association, which said partnership was organized for the purpose of drilling, developing, and operating for oil in said Wood county, Tex., with the defendant J. W. Shepperd acting as its president, and the defendant B. W. Williams acting as its agent and general manager. That on or about the 1st day of September, 1919, the defendants, acting through and by their agent, B. W. Williams, employed this plaintiff as an

oil well driller for the purpose of drilling an oil well in Wood county, Tex., and agreed to pay him for said services the sum of $300 per month. That plaintiff since said date has been in the employ of defendants and has been continuously engaged in the business of setting up, adjusting, and doing such work as was necessary and proper to erect machinery with which to drill and doing such other work as he had been instructed to do. That he has performed all of his duties in accordance with his contract of employment, and for his said services rendered from April 15, 1920, to July 19, 1920, he has not been paid. That there is now due him by defendants for said services the sum of $890, which is long past due and unpaid, and, though often requested, the defendants' have failed and refused to pay the same or any part thereof.

"That within due and proper time, and in accordance with the statutes of this state, this plaintiff has fixed and secured a laborer's lien upon the following described property belonging to defendants and situated in Wood county, Tex., to wit: One 96-foot derrick; one Ideal 12 by 12 Union tool engine; two Mogul superior pumps; one Parker Mogul rotary; 400 feet 10-inch casing; 1,200 feet 8-inch casing; one 40-foot drill joint; one swivel; one crown block complete; one line shaft; one traveling block; one line shaft and drum, and all other accessories and appurtenances to the well rig situated on the J. C. Adrian place in said Wood county, Tex.; also 200 feet 10-inch casing; one three-fourth drill cable; one boiler feed pump; and one derrick situated on the Scott Thompson place in said Wood county, Tex. That said lien is a valid, subsisting lien on said above-described property and in full force and effect."

Pleas of privilege were in due time filed respectively by the defendants C. E. Hood, J. W. Shepperd, and R. A. Davis, to be sued in the county of their residence, which pleas are in every respect in compliance with article 1903 of the Revised Civil Statutes of 1911.

Appellee filed his controverting affidavits to said pleas of privilege, alleging:

"That this suit is for moneys due this plaintiff by defendants for work and services done and performed for defendants at their special instance and request, which said work and services was done and performed in Wood county, Tex.

"Further answering said plea of privilege, this plaintiff says that this suit is for moneys due plaintiff by defendants for work and services done and performed in the necessary erecting and building and operating a rig and derrick for the drilling of an oil well in said Wood county, Tex., and that this plaintiff had before the filing of this suit properly filed and recorded in the office of the county clerk of Wood county, Tex., a laborer's and mechanic's lien on the rig, equipment, and machinery so built, operated, and erected by plaintiff, which said property is the property of defendants, and is and was at the time of the filing of said lien situated in said Wood county, Tex., and this suit is for the further purpose of foreclosing said lien."

235 S.W.—41

Said pleas of privilege were heard and overruled by the court, appellants C. E. Hood, J. W. Shepperd, and R. A. Davis duly excepted to such proceedings, and the cause is now before us on the following assignments of error:

"(1) The court erred in overruling the plea of privilege to be sued in the county of their residence duly filed herein for the reason that the allegations of plaintiff's petition and his affidavit controverting the said plea of privilege filed by these defendants and the evidence adduced thereon do not show facts entitling the plaintiff to institute and maintain this suit against these defendants in said county of Wood.

"(2) Said controverting affidavit filed by plaintiff herein alleges as the ground for instituting and maintaining said suit in said Wood county that plaintiff had a lien on property of defendants located in said Wood county, but the evidence adduced on said controverting affidavit fails to show the existence of any lien on any property of defendants in said Wood county in favor of plaintiff; wherefore the court erred in overruling said plea of privilege.

"(3) The court erred in overruling said plea of privilege filed herein by these defendants because the petition of plaintiff shows on its face that plaintiff did not have any lien on the property of defendants in said Wood county as claimed by plaintiff in his said petition, and the existence of such lien being the ground upon which plaintiff pleaded that the district court of Wood had jurisdiction of this cause; wherefore said plea should have been sustained, and the court erred in not so doing."

After their respective pleas of privilege had been overruled, appellants filed their several answers consisting of general denial and plea under oath denying the existence of the copartnership as alleged in appellee's petition.

Appellee contends that venue of the suit was properly laid in Wood county by virtue of a lien claimed to exist and which is sought in said suit to be foreclosed on certain property owned by defendants located in Wood county, which lien is claimed to exist by the provisions of chapter 17, Acts of the Thirty-Fifth Legislature, and now embraced in articles 5639a–5639d, being an act giving the persons therein named a lien on certain property under prescribed conditions. We do not deem it important to here set out the provisions of said act, as same will necessarily be discussed in passing on the questions presented by said assignments.

[1] The first ground of the controverting affidavit, namely, that the suit is for moneys due for work and services done and performed in Wood county, although supported by the testimony, cannot confer jurisdiction over the persons of appellants, because the law providing that venue may be laid in the county where work and labor is performed applies only to suits of which the justice

court has jurisdiction, and not to suits over which the county or district courts may have jurisdiction. Revised Statutes 1911, art. 2308, subd. 4, as amended by Act March 29, 1917 (Laws 1917, c. 124, § 1 [Vernon's Ann. Civ. St. Supp. 1918, art. 2308, subd. 4]); Randall v. Harris, 218 S. W. 509.

If at the time the suit was filed there existed a lien in favor of appellee on the property described in his petition, then the venue was properly laid in Wood county; otherwise appellants' pleas of privilege should have been sustained, and cause transferred as to them to the district court of Collin county, Tex.

This question must be determined by the language of section 1 of the Acts of the Legislature above referred to: First, who, by its terms and conditions has a lien, and on what property? Said act provides that—

"Any person * * * who shall, under contract, express or implied, with the owner of any land, * * * or the owner of any gas, oil or mineral leasehold interest in land, * * * or with the * * * agent * * * of any such owner, perform labor or furnish material, machinery or supplies, used in the digging, drilling, torpedoing operating, completing, maintaining or repairing any such oil or gas well, * * * shall have a lien on the whole of such land or leasehold interest therein * * * or lease for oil and gas purposes, the buildings and appurtenances, and upon the materials and supplies so furnished, and upon said oil well * * * for which same are furnished, and upon all of the other oil wells * * * buildings and appurtenances, including * * * leasehold interest and land used in operating for oil * * * upon such leasehold or land * * * for which said material and supplies were furnished or labor performed."

Said section 1, as quoted with said omissions, clearly applies to the question of venue as presented by the pleadings and supported by the evidence in reference to the existence of lien as claimed by appellee to support the venue of the district court of Wood county, and it must be very apparent, when thus presented, that said law only creates a lien in favor of "any person" who under proper contract has "performed labor or furnished material, machinery or supplies, used in digging, drilling, torpedoing," etc., "any oil or gas well."

[2] It is contended by appellants that appellee did not perform labor within the meaning of said law so as to confer upon him the benefits of said act, because he did not allege and prove that he "performed labor or furnished material, machinery or supplies used in the digging, drilling, operating, completing, maintaining or repairing an oil or gas well," etc. This contention cannot be sustained, because the evidence clearly shows that appellee did perform such services under his contract of employment as to bring

him within the terms and provisions of said act, namely:

[3] Appellee testified as follows:

"My occupation is well drilling. I am an oil well driller by occupation. Yes; I know B. W. Williams, J. W. Shepperd, C. E. Hood, and I have seen R. A. Davis and have seen E. Wiseman. I have had some dealing with some of these parties; that is to say, Mr. Williams hired me to drill a well over here, as I understood him, at Golden, and he hired me to do that work on the 23d day of September, 1919." "I never asked him who composed that company at that time, but later I found out that the parties mentioned composed the company." "While in their employ the first thing I did for them was unloading the rigs off of a flat car at Mineola. I left the rig there, and it was later moved to the location at Golden. That rig that we moved out to Golden consisted of the draw work, the engine, rotary, piping that went with it and some tools, and there was about right around 2,500 feet of 10 and 8 inch casing, I guess; I don't remember just exactly the amount. After we got this rig to Golden, there had been a derrick built there; we built a derrick and we set the rig up and dug the pit. That was in Wood county. Yes; there were some cables or some other appliances or equipment besides those that I have named that were hauled out there; there was a drill cable and a feed pump that goes with a rig. There was one feed pump and a drill cable that goes with a rig. I don't remember now what farm it is on, as to whether it is down on the 'lower well.' I understand now that you are asking me about the lower well first. Yes; that machinery is still there at Golden, and I suppose it is just like we put it up. I have not been over there in a right smart while; I haven't been over there in near a month, I guess. The last time I was there it was up just like we left it. No; it is not in condition to operate now, but it would be if we had a boiler and probably a day's work on it. This work that I did was done over on that rig on the Adrian farm, in Wood county."

See Sanguinett & Staats v. Colo. Salt Co., 150 S. W. 490.

However, as we interpret the language of the section above referred to, the lien created by same does not extend to and include the property described in appellee's petition as above set out, as the act under discussion only extends the lien therein provided for as to material, machinery, or supplies to such material, machinery, or supplies furnished by the laborer or mechanic and used in the digging, drilling, torpedoing, operating, completing, maintaining, or repairing any such oil or gas well. It is neither alleged nor proved that any of the material, machinery, or supplies described in appellee's petition were furnished by appellee, and were used in the digging or repairing an oil or gas well owned by appellants, or that the same were so furnished for the purpose of being so used. We cannot by implication or by an interpretation not authorized by the plain language of the act extend the pro-

visions of same beyond that which it is apparent the Legislature alone intended same to apply. Farmers' Elevator Co. v. Advance Thresher Co., 189 S. W. 1021; Debenham v. Short et al., 199 S. W. 1147.

[4, 5] Appellee contends that, notwithstanding the fact that he did not furnish any of the material, machinery, or supplies described in his petition and on which he asserts a lien by virtue of the act under discussion, nevertheless he has a lien on all of said property because same constitutes "appurtenances" for the purpose of drilling an oil well. It is not even contended by appellee that the work of actual drilling the well was ever commenced, but that only such preparations to begin the work of drilling were made as the material and supplies furnished would permit.

We are of the opinion that said act does provide for such lien on "appurtenances" to an oil well, gas well, building, pipe line, leasehold interest, and land used in operating for oil, gas, and other minerals, for labor performed under proper contract of employment as provided for by said section 1 of said act, but we are unable to hold from the authorities examined by us that the material, machinery, and supplies described in appellee's petition constitute appurtenances within the meaning of the law.

The opinion rendered in Shrader v. Gardner, 70 W. Va. 780, 74 S. E. 990, 40 L. R. A. (N. S.) 1145, defines an "appurtenance" as a thing belonging to and going with the transfer of a principal thing, used with, and dependent upon, the thing and essential to it. And in the case of Whittelsey v. Porter, 82 Conn. 95, 72 Atl. 593, it was held the word "appurtenant" means attached to or belonging to, and in law the term "appurtenance" usually means something appertaining to another thing as principal, and passing as an incident to such principal. Now to what thing as principal can it be said that the materials, machinery, and supplies described in appellee's petition appertain or is an incident to such principal thing? It cannot be said that they are an incident to a well that was intended to be drilled, or an incident to a leasehold interest which has ceased to exist, and on which leasehold interest, if same existed at the time suit was filed, appellee did not assert or seek to foreclose lien provided for by the provisions of said act.

In the case of Bloom v. West, 3 Colo. App. 212, 32 Pac. 846, it is held:

"Technically, property tangible and corporeal, capable of sale or transfer, and of use in any other place cannot be regarded as appurtenant to land."

See Ballew v. State, 26 Tex. App. 483, 9 S. W. 765; Johnson v. Nasworthy (App.) 16 S. W. 758; Balcar v. Lee County Cotton Oil Co., 193 S. W. 1094.

We therefore hold that no lien existed at the time of the filing of suit by appellee or now exists on the property described in his petition, and sustain appellants' assignments of error.

The judgment of the lower court is reversed, and cause remanded, with instructions to sustain said pleas of privilege and to enter order transferring said cause as to appellants to the district court of Collin county, Tex.

Reversed and remanded.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes