# Wytheville

## J. F. Sacks, B. Forman, et als., v. George Theodore.

### June 14, 1923.

1. Equity—*Vendor and Purchaser—Adequate Remedy at Law—Suit for Recovery of Unliquidated Damages—Case at Bar.*—In the instant case complainant, a vendee of land, instituted a suit to enjoin the sale of the land under a trust deed upon failure to pay the purchase-money notes, and asked for an issue out of chancery to ascertain the amount of damages he ought to recover from the vendors for their breach of a prior option on the land, and that such damages be credited on the outstanding purchase-money notes.

   *Held:* That the bill had for its chief purpose the ascertainment and recovery of unliquidated damages, that the claim could have been asserted in an action at law where the remedy would have been adequate, and that equity had no jurisdiction to entertain such bill.

2. Dismissal, Discontinuance and Nonsuit—*Directing Issue to Jury Instead of Transfer of Cause from the Equity side to the Law side of the Court—Section 6084 of the Code of 1919—Harmless Error.*—Although section 6084 of the Code of 1919, providing that a case shall not be dismissed because brought on the wrong side of the court, but that the court shall direct a transfer to the proper forum, appears to be mandatory, where the court instead of remanding a suit for trial at law, where complainant sought to enforce a claim for unliquidated damages in equity, as would have been proper, awarded an issue out of chancery to ascertain the damages suffered by the complainant, the error will be regarded as harmless, as the issue out of chancery and trial by jury accorded to the parties every substantial right.

3. Issues out of Chancery—*Verdict Set Aside by Trial Court—Conclusiveness of Verdict on Questions of Fact.*—In the instant case complainant sought by bill in equity to recover unliquidated damages for breach of an option contract for sale of land, and the court instead of remanding the case to the law side, as provided for by section 6084, Code of 1919, directed an issue out of chancery, and the jury found in favor of defendants. This verdict the court set aside and its action was assigned as error.

   *Held:* That the determination of the question thus raised, whether considered under the rules applicable to verdicts of juries in issues out of chancery, or in actions at common law, would be the same.

4. ISSUES OUT OF CHANCERY—*Respect to which Verdict Entitled.*—Where a court of equity, in the exercise of a sound judicial discretion, has, in a proper case, where the evidence relating to a particular fact in dispute is contradictory and evenly balanced, directed an issue to be tried by a jury, it is the practice, without good cause for the contrary course, for the chancellor to abide by the verdict, since it is the peculiar province of a jury to decide a question of fact arising in a cause, and upon the weight of the testimony on which it depends.

5. ISSUES OUT OF CHANCERY—*Respect to which Verdict Entitled—Case at Bar.*—In the instant case, where complainant, a vendee of land, sought to establish his claim to damages for breach by the vendors of a prior option on the land and to set off such damages against the purchase-money notes for the land, the court directed an issue out of chancery. There were sharp conflicts in the testimony on every material point. Complainant's suit was not instituted until more than three years after the alleged breach of the option contract, and although the claim asserted by complainant was for $6,500.00 damages, complainant had paid off half of the $5,500.00 debt for purchase money, and renewed his overdue notes. An important witness for complainant was not produced.

*Held:* That complainant had failed to sustain the allegations of his bill, and that the verdict of the jury in favor of defendants was sustained by testimony introduced by them, and that the trial court erred in setting aside the verdict and entering judgment in favor of complainant.

Appeal from a decree of the Corporation Court of the city of Hopewell. Decree for complainant. Defendants appeal.

*Reversed.*

The opinion states the case.

*Zimmer & Syme,* for the appellants.

*A. L. Jones,* for the appellee.

PRENTIS, J., delivered the opinion of the court.

The appellee, Theodore, instituted this suit in equity against J. F. Sacks and B. Forman, appellants, who had sold and conveyed certain real estate to him.

There were then outstanding certain of his unpaid pur-
chase money notes secured by deed of trust on the
property. He made James C. Reese, Jr., trustee in
the deed of trust, a party defendant, and the National
Bank of Hopewell intervened in the suit by petition,
claiming to be the holder of such notes in due course
and for value.

The allegations of the bill are substantially these:
That in September, 1917, Theodore secured an option
on this real estate, but that the owners refused to con-
vey it except subject to certain leases, and that there-
after, October 8, 1917, they entered into a written con-
tract by which they agreed to convey the property
subject to the leases; the price of the property was
$7,500.00, $2,000.00 in cash was paid, and the credit
installments were to be evidenced by four negotiable
notes for $1,375.00 each, payable in six, twelve, eigh-
teen and twenty-four months thereafter, the vendors
to execute a proper deed, and the vendee to execute
his notes and a deed of trust upon the property secur-
ing them; that he executed the deed of trust and notes,
except that eight notes for $687.50 each were given
instead of four notes for $1,375.00 each; that he re-
peatedly thereafter demanded a deed, but the deed was
not delivered to him until some time in November,
1917; that soon after obtaining the option first above
mentioned he had offered to sell the land to one Palmer
for $11,500.00; that when the contract of October 8th
was made, he understood from Palmer that a deed sub-
ject to the two leases would be acceptable to him; that
thereafter when the deed had been delivered he ap-
proached Palmer and offered to convey the property
to him, but Palmer refused to accept a deed because
of the delay, and employed counsel to institute suit
against him to recover for failure to deliver the prop-

erty in accordance with his contract; that he thereupon paid Palmer $1,000.00, being the amount which Palmer had previously deposited with him as a cash payment on the property, and compromised with Palmer by paying him $2,500.00 additional as damages; and that all of these losses and damages were the direct result of the carelessness, negligence and wrongdoing of his vendors, the appellants, and their agent. He then alleges that he has paid off four of these eight notes; that Sacks and Forman hold the other four—that is, those maturing in eighteen and twenty-four months—and were threatening to direct the trustee to sell the property; and that he would be irreparably injured if the property should be thus sold. He prays for an injunction against such sale, and against any transfer of the notes, and asks for an issue out of chancery to ascertain the amount of damages he ought to recover from Sacks and Forman; that such damages be credited on the outstanding notes, or if they exceed that amount that a judgment be awarded him.

The injunction prayed for was awarded, and afterwards enlarged. The defendants demurred to the bill, and moved to dissolve the injunction. The court overruled the demurrer, refused to dissolve the injunction, and gave the defendants leave to file their answers. These answers were filed, and deny every substantial allegation of the bill, allege that the deed was promptly delivered; that no objection was raised to accepting it; and that no complaint of any nature was made until long after the transaction was closed and several of the notes had been paid.

A decree was entered directing an issue out of chancery to be tried at the bar of the court to ascertain the amount of damages, if any, sustained by the complainant, Theodore. Upon the trial of this issue the jury

found a verdict for the defendants, Sacks and Forman. Thereafter the trial court entered a decree disapproving, setting aside and annulling the verdict of the jury, and decreeing that the complainant recover from the defendants, Sacks and Forman, $1,000.00 damages, with interest from October 8, 1917, and perpetuating the injunction against the enforcement of the deed of trust as to that amount. To that decree this appeal was allowed.

The first assignment of error is that the court erred in overruling the demurrer to the complainant's bill, and in refusing to dissolve the injunction. Among the grounds for this motion is that the bill seeks to set off a claim for unliquidated damages, and the argument upon the demurrer is chiefly directed to this point.

A kindred question to this has been recently considered by this court in *Ewing* v. *Dutrow*, 128 Va. 416, 104 S. E. 791, and it is not deemed necessary to reiterate what is there said or to cite the authorities there cited.

[1] That this bill has for its chief purpose the ascertainment and recovery of unliquidated damages is manifest, and that the claim could have been asserted in an action at law where the remedy would have been adequate is equally true.

Among the cases not cited in *Ewing* v. *Dutrow, supra,* is *Robertson* v. *Hogshead*, 3 Leigh (30 Va.) 667, 672, where Tucker, P., says this: "As the form of proceeding, then, excludes the possibility of rescission, the bill can only be looked on as a bill for an injunction to restrain the payment of an unpaid balance of purchase money, until a claim for unliquidated damages for the alleged fraud shall have been settled by an issue to be directed by the court. But it has been long settled that unliquidated damages cannot be set off in equity. *Duncan* v. *Lyon*, 3 Johns. C. R. 351; *Livingston* v.

*Livingston,* 4 *Id.* 287; *Webster* v. *Couch,* 6 Rand. 519. The party aggrieved should have instituted the proper proceedings and ascertained his damages, before he attempted to arrest the payment of the instalment of the purchase money remaining due.   Were a contrary practice allowed, an instalment of $3,000.00 might be tied up, though the damages might eventually be only as many cents, or nothing.   Moreover, I take it, a bill for damages only will not lie in equity.''

This rule is repeated and applied in *Rosenberger* v. *Keller,* 33 Gratt. (74 Va.) 489.   So, in *Cleaver* v. *Matthews,* 83 Va. 801, 3 S. E. 439, where a bill was filed to enjoin sale by a trustee and to obtain credit by the complainants on the balance due by them to the amount of a certain loss alleged to have been sustained by the cutting of timber on the land (not, however, by the vendor) between the time they agreed to purchase and the time the deed was delivered, a demurrer to the bill was sustained, and in this connection it is said: ''The suit is not brought to obtain compensation for a deficiency in the stipulated quantity of the land, for there has been no deficiency.   It is conceded that the complainants got, and are in possession of, all the land for which they contracted.   So that the case is simply this: The complainants are seeking, by a suit in equity, to set off against the unpaid balance of purchase money the unliquidated damages they have sustained by reason of the trespass, or trespasses, aforesaid, which can not be done.   Their remedy, if they have been injured as they claim, is at law.   A suit in equity can not be changed into an action of trespass.   Nor would the fact of the insolvency of the vendor give jurisdiction to a court of equity to enter such a decree as is prayed for, even if the injury complained of had been caused by the acts of the vendor himself.''   Citing *Rob-*

*ertson* v. *Hogshead*, 3 Leigh (30 Va.) 667; *Buzard* v. *Houston*, 119 U. S. 347, 7 Sup. Ct. 249, 30 L. Ed. 451; *Washington Savings Bank* v. *Thornton*, 83 Va. 157, 2 S. E. 193. In the West Virginia case of *Shrader* v. *Gardner*, 70 W. Va. 780, 74 S. E. 990, 40 L. R. A. (N. S.) 1145, the same doctrine is restated, citing High on Injunctions, section 444.

So that, as the law was before the Code of 1919 became effective, it is clear to us that the demurrer should have been sustained and the complainant left to pursue his remedy at law.

[2] Code, section 6084, however, prescribes, that "No case shall be dismissed simply because it was brought on the wrong side of the court, but whenever it shall appear that a plaintiff has proceeded at law when he should have proceeded in equity, or in equity when he should have proceeded at law, the court shall direct a transfer to the proper forum, and shall order such change in or amendment of the pleadings as may be necessary to conform them to the proper practice." This statute appears to be mandatory, and we think should have been applied to this case. This, however, is not conclusive under the circumstances here shown. Instead of remanding the case for trial at law, as would have been proper, the court awarded an issue out of chancery to ascertain the damages, if any, suffered by the complainant. This, in effect, protected the rights of the parties, and the error will, therefore, be regarded as harmless. This issue out of chancery and trial by jury accorded to the parties every substantial right.

[3] The verdict upon the issue of fact raised by the testimony was decided in favor of the appellants, Sacks and Forman. This verdict was, however, set aside by the court, and this is also assigned as error.

Whether we consider the question thus raised under

the rules applicable to verdicts of juries in issues out of chancery, or in actions at common law, the result is the same.

[4] As to issues out of chancery, the rule is thus stated in *Miller* v. *Wills*, 95 Va. 351, 28 S. E. 342: "Where a court of equity, in the exercise of a sound judicial discretion, has, in a proper case, where the evidence relating to a particular fact in dispute is contradictory and evenly balanced, directed an issue to be tried by a jury, it is the practice, without good cause for the contrary course, for the chancellor to abide by the verdict, since it is the peculiar province of a jury to decide a question of fact arising in a cause, and upon the weight of the testimony on which it depends." And the rule thus stated is well supported by authority.

It is not necessary to restate the rule as to verdicts in actions at common law where the evidence is conflicting.

[5] We differ with the judge of the trial court in his view that the verdict here was unsupported by the evidence. In addition to the sharp conflicts in the testimony on every material point, there is the fact that suit was not instituted until more than three years after the occurrence of the alleged circumstances on which the claim for damages is rested, and although the claim asserted is for $6,500.00 damages, $4,000.00 of which is for profits alleged to have been lost on the sale to Palmer, and $2,500.00 alleged to have been paid to Palmer for his damages, the appellant, Theodore, had in that interval paid off half of the $5,500.00 debt secured by the deed of trust, and had renewed his overdue notes. For his alleged payment of $2,500.00 in currency as damages to Palmer, he took no receipt, and Palmer is not introduced as a witness. No explanation of this is made, though it is fairly inferable that

his whereabouts are unknown. These suggestions could be elaborated from the testimony, but we deem it only necessary to say in addition that the appellee, Theodore, has failed to sustain the allegations of his bill, by the preponderance of the evidence, and that, in our view, the verdict of the jury is fully sustained by the testimony introduced by the appellants, Sacks and Forman.

It follows, therefore, that we are of opinion that the trial court erred in setting this verdict aside, and the issues of fact having been once determined, and properly determined, upon the merits, it should have entered a decree dismissing the bill. We will, therefore, enter such a decree here, leaving the appellants to pursue such remedies as they have for the collection of the unpaid notes.

*Reversed.*