**WAGGONER v. OLIVER et al. (No. 2178.)**

(Court of Civil Appeals of Texas. Amarillo. June 30, 1923. Rehearing Denied Oct. 3, 1923. Second Motion for Rehearing Denied Jan. 2, 1924.)

1. **Lis pendens 🔑25(3)—One seeking to foreclose lien accruing pending suit by another claimant against same property must abide result of suit, in absence of fraud.**

Where plaintiff's alleged lien against defendant's machinery and tools, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 7848, 7852, 7854a, for filling a well, accrued during the pendency of a similar suit by defendant, based on an alleged laborer's lien, under Vernon's Ann. Civ. St. Supp. 1918, arts. 5639a, 5639b, plaintiff was required to abide the result of that suit, in the absence of a pleading that his lien is superior to defendants or that the judgment rendered in defendant's favor in that suit is void or fraudulent as to plaintiff.

2. **Mines and minerals 🔑112(1) — Statutory lien has no greater force than statute creating it gives it.**

When a lien for filling a well, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 7848, 7852, 7854a, comes into existence, it must be measured by the statute, and can have no greater force than the statute gives it.

3. **Mines and minerals 🔑116—Liens take precedence in point of time.**

In the absence of a legislative intent to the contrary, liens acquired under Vernon's Sayles' Ann. Civ. St. 1914, arts. 7848, 7852, 7854a, for filling a well, take precedence in point of time; this being particularly true, where the lien is not awarded for service that brings increased benefits to the prior lien holder or preserves the property against which the liens are associated.

4. **Mines and minerals 🔑117—In suit to foreclose lien for filling oil well, allegations that prior lien suit was fraudulent sufficient.**

In a suit seeking foreclosure of a lien acquired under Vernon's Sayles' Ann. Civ. St. 1914, arts. 7848, 7852, 7854a, for filling an oil well, as against defendant's alleged laborer's lien against same property under Vernon's Ann. Civ. St. Supp. 1918, arts. 5639a, 5639b, allegations that defendant's debt and lien were feigned and fictitious, and the suit instituted by him fraudulent and without foundation, *held* broad enough to warrant foreclosure against defendant.

5. **Lis pendens 🔑3(1)—Suit does not operate as lis pendens, where parties know they possess no enforceable right.**

A suit does not operate as lis pendens, where it is fraudulently prosecuted, and the parties to it know there is no right to enforce.

6. **Lis pendens 🔑1—Rule should not be applied, where reasons giving it existence do not require enforcement.**

Rule that lis pendens has its foundations in a necessary public policy, which will not allow litigant parties to give to others pending the litigation rights to property in dispute, so as to prejudice the opposite party; but the rule, necessarily being an arbitrary one, ought not to be given effect, when the reasons which give it existence do not require its enforcement.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by W. T. Waggoner against D. A. Oliver and others. From an order sustaining a general demurrer, and dismissing suit as to defendants Oliver and Tom Geisler, plaintiff appeals. Reversed and remanded.

Engelking & Dotson, of Electra, for appellant.

Ed Yarbrough, of Electra, for appellees.

KLETT, J. On July 17, 1922, appellant, W. T. Waggoner, filed the plaintiff's amended original petition, in lieu of the plaintiff's original petition filed March 30, 1922, alleging that he was the owner in fee of section 14, Wichita county; that on June 1, 1921, he executed and delivered to Jack Stoval an oil and gas lease covering the southeast 40 acres of said section; that Jack Stoval assigned said lease to the defendant Arco Oil Trust; that on June 6, 1921, defendant Arco Oil Trust began the drilling of a well for oil and gas; that the company

pierced several oil and gas bearing sands and rocks, and also encountered fresh and salt water, and then ceased operations and abandoned the hole, without causing the well to be cased, plugged or filled, as required by articles 7848, 7852, and 7854a of the Texas Statutes; that upon the failure and refusal of the said company to comply with the statute the plaintiff performed the duty, in accordance with the statute, at a cost of $766.-90, to secure which he claimed a statutory lien on the company's machinery and tools used in drilling said well; that the defendant D. A. Arnold is asserting an adverse claim to the machinery and tools; that on February 27, 1922, defendant Arnold obtained a judgment in cause No. 11805, styled D. A. Arnold v. Arco Oil Trust, wherein the district court of Wichita county foreclosed an alleged mechanic's lien on said tools and machinery in favor of the defendant Arnold, as against the defendant Arco Oil Trust; that an order of sale was issued in said cause on March 21, 1922, and by the defendant Tom Geisler, as constable, levied on said machinery and tools on March 30, 1922; that said judgment is void and of no force or effect as to the plaintiff; that the defendant Arnold had no lien, because the written contract with the defendant Arco Oil Trust employing the defendant Arnold to perform labor as a driller was in writing, but never recorded in the mechanic's lien record; that the affidavit filed contained no itemized statement of the labor and material furnished in drilling the well; that the defendant Arco Oil Trust was not and is not indebted to the defendant Arnold in any sum whatever; that the defendant Arnold had no lien given him in the contract or under the law; that said "lien and debt were feigned and fictitious"; that the defendant Arnold "fraudulently set up a purported debt and lien against the Arco Oil Trust and against the property described"; that the judgment in said cause was obtained upon such "feigned and fictitious debt and lien, which in fact did not exist"; that the defendant (evidently meaning plaintiff) was not a party to said suit, and was not given an opportunity to have his rights adjudicated in said cause; that defendants are insolvent; that if the property is sold under said order of sale plaintiff will suffer irreparable injury; that he has a lien superior to that of the defendant Arnold, and is entitled to a foreclosure thereof as against all defendants, for which he prays judgment. Plaintiff asks for foreclosure, and for injunction against the defendants, restraining them from selling said property under the judgment or order of sale in cause No. 11805.

[1] When the case at bar came on for trial, the lower court sustained a general demurrer to plaintiff's petition and dismissed the plaintiff's suit as to the defendants Arnold and Geisler. The action of the trial court is assigned as error. Appellees contend, according to our understanding, that since appellant's alleged lien for filling the well accrued during the pendency of the suit in cause No. 11805, the appellant is required to abide the result of that suit, in the absence of pleading that his lien is superior to appellee Oliver's, or that the judgment rendered in favor of appellee Oliver is void or fraudulent as to appellant. Although our time for making a careful study of the questions involved has been limited by the fact that the time for adjournment is at hand, we feel we have become sufficiently acquainted with the issues of the case to make a correct disposition of the appeal. We think the appellee's contention as to the law, under the facts stated, is substantially correct. With this view of the case it becomes necessary to decide whether the appellant has brought himself within the rule asserted by appellees. The appellant does not deny in the petition that he filled the well after the defendant Oliver instituted the suit for the foreclosure of his alleged lien in cause No. 11805.

[2, 3] We agree with appellees that the statutory lien created against the machinery and tools in favor of the owner of the land is not made superior to a lien previously acquired against such property. Each of the claimants in the case is asserting a statutory lien. Appellant plugged the well on November 30, 1921, but appellee Oliver claims he filed his lien on September 24, 1921. We find nothing in articles 7848, 7852, and 7854a of the statute giving the appellant's lien any preference over prior liens. When a lien comes into existence by force of the statute it must be measured by the statute and can have no greater force than the statute gives it. In the absence of a legislative intent, clearly expressed or implied, allowing a lien to supersede a prior one, the liens take precedence in point of time. This is particularly true, where the lien is not awarded for service that brings increased benefits to the prior lienholder or preserves the property against which the liens are associated. We find nothing in the statute making liens, prior in point of time, subordinate to that claimed by appellant. Texas Bank & Trust Co. v. Smith, 108 Tex. 265, 192 S. W. 533, 2 A. L. R. 771; Eccles v. Will, 23 N. M. 623, 170 Pac. 748, L. R. A. 1918C, 1022; Parker-Harris Co. v. Tate, 135 Tenn. 509, 188 S. W. 54, L. R. A. 1916F, 935.

[4] Having decided that the appellant's alleged lien is not a preference lien, it is not necessary to determine whether or not appellant's petition showed the right to foreclose the appellant's lien as against the defendant notwithstanding the fact such lien was acquired during the pendency of the suit in cause No. 11805. We believe the plaintiff's allegations were broad enough to warrant a foreclosure as against the defendant, in view of the averments that the debt and

lien were feigned and fictitious and the suit fraudulent and without foundation. It is pointed out by appellant that defendant Oliver had no lien on the property in controversy under articles 5639a and 5639b, for the reason that our courts, in construing these articles, have held that the laborer's lien does not cover tools and machinery used in drilling an oil well. Williams v. Magouirk (Tex. Civ. App.) 235 S. W. 640; McClellan v. Haley (Tex. Civ. App.) 237 S. W. 627, affirmed (Tex. Civ. App.) 250 S. W. 413. If the allegations of the petition be considered as true, the defendant Oliver had no claim or lien, contractual or statutory.

[5, 6] Under such allegations the appellee was not required to abide the result of the suit pending, the rule being that an action collusively or fraudulently prosecuted, as where the parties to it know there is no right to enforce, does not operate as lis pendens. In Rippetoe v. Dwyer, 65 Tex. 703, it appears that Dwyer bought from the defendant in the suit a tract of land against which the plaintiff was seeking foreclosure of a lien given to secure a debt which had been paid at the time judgment was rendered. In that case Chief Justice Stayton, speaking for the Supreme Court, said:

"If the facts alleged by Dwyer existed, is he bound by the judgment subsequently rendered against Pressley, as are, ordinarily, persons who purchase the subject-matter of litigation during its pendency? The action against Pressley was one in which the plaintiff was seeking to enforce a lien on the land bought by Dwyer, who bought during its pendency, and was therefore one in which the rule, lis pendens, would ordinarily operate. That lis pendens operates as notice is held to be true in all cases to which the rule is applicable; but the rule itself has its foundations in a necessary public policy which will 'not allow litigant parties to give to others, pending the litigation, rights to the property in dispute, so as to prejudice the opposite party.' The rule is necessarily arbitrary, and ought not to be given effect when the reasons which give it existence do not require its enforcement. If the debt due by Pressley was actually paid, that ended the right of the plaintiff in the pending suit longer to prosecute it; for he no longer had any demand against Pressley, and a transfer by the latter of the property on which the former, prior to the payment, had a lien, could not prejudice any right of his.

"Thus ended the necessity for the application of the rule for the protection of any party to the cause, and with this ended the right of the plaintiff in that cause to call for its enforcement. Had the plaintiff, in the action pending when Dyer bought, after his debt was fully paid, prosecuted it to final judgment, no one would contend that he could avail himself of the rule, lis pendens, and thereby have protection, had he caused the property to be sold under such a judgment and become the purchaser. The prosecution of the action, after full payment of the debt, as between such a plaintiff and Pressley, would be collusive or fraudulent, and as against a purchaser from Pressley, whether before or after the settlement, clearly fraudulent. An action collusively prosecuted, prosecuted when the parties to it all know that there is no right to enforce, has never been held to operate as lis pendens. 2 Sug. on Vendors, 534; Murray v. Ballou, 1 Johns. 'ch. 571. And so, for the simple reason that no prejudice can result to the right of any one by not so regarding it."

According to our view of the law and facts, the trial court erred in sustaining the general demurrer.

Reversed and remanded.