## Richmond

GEORGE D. THOMAS, ET AL. v. W. D. LAUTERBACH, T/A, ETC., ET AL.

April 27, 1964.

Record No. 5704.

Present, All the Justices.

*Charles W. Laughlin* (*Christian, Barton, Parker, Epps & Brent,* on brief), for the appellants.

*Andrew J. Ellis, Jr.* and *William R. Cogar* (*Collins Denny, Jr.; Campbell & Ellis; Denny, Valentine & Davenport,* on brief), for the appellees.

I'ANSON, J., delivered the opinion of the court.

Plaintiffs, W. D. Lauterbach, trading as The Lauterbach Agency, and J. C. Paddison, filed their motion for judgment against the de-

fendants, George D. Thomas and Associated Stations, Inc., on August 21, 1961, to recover a money judgment for an alleged breach of contract.

Plaintiffs alleged that pursuant to the terms of a written contract entered into by the parties hereto on June 29, 1961, it was agreed that if the plaintiffs obtained a purchaser for certain property of the defendants at a specified price they would receive $103,333.33 as commission on the sale; and that they had obtained a purchaser ready, willing and able to buy the property at the agreed price but they had not been paid their commission.

In their grounds of defense the defendants admitted that they had entered into the contract of June 29, 1961, but alleged as an affirmative defense that on July 6, 1961, the parties had amended the contract to provide that if the plaintiffs brought about the sale, in lieu of the specified sum which they would have been entitled to under the original contract, they would receive the equity in either one of two parcels of land owned by George D. Thomas; and that later, in accordance with their agreement a written contract was prepared and executed calling for the conveyance by Thomas to the plaintiffs of his interest in an 85-acre tract in Henrico county in lieu of the monetary commission if the sale was consummated.

In response to this "new matter" injected by the grounds of defense, plaintiffs admitted that they had signed the amended contract but alleged they had no knowledge that the defendants had signed it since they had not received an executed copy. They further averred that under the amended contract Thomas was to convey immediately the land to the plaintiffs but he had not done so, and they renewed their request for a judgment.

On May 2, 1962, defendants requested that plaintiffs answer certain interrogatories. In this response, filed on May 14, 1962, plaintiffs answered that they had signed the July 6, 1961, agreement but Thomas had retained all the copies; that the agreement was to be executed by Thomas and his wife but plaintiffs were not informed whether they had done so, since they never received an executed copy; that plaintiffs did not see a copy of the executed draft until April 18, 1962, long after this action was instituted; and that since they had now seen the executed copy "appropriate amendment to pleadings will be made."

Two days later plaintiffs moved to transfer this action to the equity

side of the court, since it then appeared that was the proper side on which it should proceed.

On January 22, 1963, after a hearing on the motion, the trial court entered an order transferring the case to the equity side of the court, directed the plaintiffs to amend their pleadings to conform to equity procedure or file a bill of complaint within a specified time, and allowed the defendants to file their response within 21 days thereafter. From this order we granted the defendants a writ of error.

The defendants-appellants contend that the motion for judgment shows the case was properly brought on the law side of the court, and under the provisions of § 8-138, Code of 1950, 1957 Repl. Vol., the trial court erred in transferring it to the equity side, thus depriving them of a jury trial.

The pertinent part of Code § 8-138 reads as follows:

"[W]henever it shall appear that a plaintiff has proceeded at law when he should have proceeded in equity, * * * the court shall direct a transfer to the proper forum and shall order such change in, or amendment of, the pleadings as may be necessary to conform them to the proper practice; * * *."

The defendants argue that the statute provides for a transfer of a law action to the equity side of the court only when it appears that a plaintiff's initial pleadings show that he has brought the case on the wrong side of the court. We cannot agree with this interpretation of the statute.

We have said several times that Code § 8-138 is remedial and not technical. Its purpose is to protect the rights of the parties and to save cost and prevent delay. When it appears to the court that a plaintiff has improperly proceeded either at law or in equity, a transfer of the case to the proper side of the court is authorized under the statute. *Shopping Plazas* v. *Olive*, 202 Va. 862, 868, 120 S. E. 2d 372, 376, 88 A. L. R. 2d 1016, 1022; *Credit Corporation* v. *Kaplan*, 198 Va. 67, 70, 92 S. E. 2d 359, 361; *Quick* v. *Southern Churchman Co.*, 171 Va. 403, 415, 199 S. E. 489, 494.

When responsive pleadings in a case change the issue involving the subject matter, and from all the pleadings it appears to the court that complete relief cannot be obtained on the side of the court where the case was originally brought, the court should transfer the case to that side of the court where complete relief may be granted in one proceeding. See *C. & O. Ry. Co.* v. *Douthat*, 176 Va. 244, 253, 254, 10 S. E. 2d 881, 885; *Quick* v. *Southern Churchman Co., supra*, 171 Va. at p. 415, 199 S. E. at p. 494.

In *C. & O. Ry. Co.* v. *Douthat, supra,* a suit for specific performance was filed in equity, and from the initial pleadings it appeared that plaintiff had proceeded on the proper side of the court. Defendant, however, filed an answer denying the existence of a contract and a cross-claim asking to recover damages for stone which plaintiff had removed from defendant's property. The trial court denied plaintiff's prayer for specific performance of the contract sued on and directed a commissioner to ascertain the amount, if any, due the defendant by reason of plaintiff's removal of the stone. The refusal of the trial court to transfer the case to the law side of the court was assigned as error. On appeal, this Court held that if the plaintiff was indebted to the defendant for the stone removed (which question was injected into the case by defendant's responsive pleadings) the damages should be ascertained by trial before a jury in a court of law, and that the case therefore should have been transferred to the law side of the court.

In the present case it is perfectly manifest that the motion for judgment stated a simple action at law. However, when defendants' grounds of defense alleged that the original contract had been amended so that plaintiffs would be entitled to a conveyance of land instead of a monetary commission, and plaintiffs admitted the amendment, the nature of the suit was changed from one for money damages to one for specific performance.

Moreover, plaintiffs had not seen an executed copy of the July 6th contract when they answered the "new matter" raised by defendants. They were unaware that defendants had signed the July 6th agreement until it was shown to them long after this action was brought. However, when answering the interrogatories propounded by defendants, plaintiffs realized that their claim would be in equity, and they stated that, after seeing the executed amendatory agreement, they now wished to amend their pleadings.

From all the pleadings and admissions, it appears that plaintiffs' case was one in which complete relief could not be granted at law, but was wholly triable in equity. To require plaintiffs to proceed at law because their initial pleadings set out a case cognizable only in that forum, thus necessitating a second suit in equity for specific performance, when by a transfer of the case the latter forum could dispose of the entire subject matter, would be contrary to the plain purpose of § 8-138, which is to save cost and prevent delay.

Furthermore, defendants have not been denied a jury trial. If

upon defendants' affidavit it appears that the case will be rendered doubtful by conflicting evidence, defendants may ask for a trial of the issue out of chancery, and thus submit the question to a jury. Section 8-214, Code of 1950, 1957 Repl. Vol. See *Sacks* v. *Theodore,* 136 Va. 466, 474, 118 S. E. 105, 106, 107.

For the reasons stated, the action of the trial court in transferring the case to the equity side of the court is

*Affirmed.*