## CIRCUIT COURT OF FREDERICK COUNTY

Dyer

v.

Williams

June 28, 1984

Case No. (Chancery) C-84-147

By JUDGE ROBERT K. WOLTZ

The issue in this case is whether to order a temporary injunction against foreclosure sale under a deed of trust. Because of emergency, by letter of June 18, counsel were notified that the temporary injunction would not be ordered. This letter opinion states the basis therefor.

In November, 1982 the complainant purchased from defendant a certain parcel of real estate. The purchase was financed through a first deed of trust to a bank and a second deed of trust in favor of the defendant vendor. By terms of the second trust its entire principal became due recently. Not being paid by the complainant it became in default. The defendant then commenced foreclosure proceedings under the second deed of trust, sale being advertised for June 22, 1984.

In August, 1983 the complainant instituted a law action against the defendant herein and her real estate agent for compensatory and punitive damages in relation to complainant's purchase of this property. In that suit the complainant alleged that in purchasing the property he relied on representations by the real estate agent of the defendant vendor concerning boundaries of the property and fences and rights of way appurtenant to it; that those representations were false and resulted in monetary damages to the complainant. That action is pending

trial in August, 1984. In this injunction suit complainant's bill cites the claim in his law action and its pendency as the basis for restraint on the foreclosure.

In *Cleaver* v. *Mathews*, 83 Va. 801 (1887), as mortgagors under a deed of trust to secure to the vendor the unpaid balance of purchase money, complainants sued to restrain the sale of land under the deed of trust. They claimed their vendor had become insolvent and claimed a credit against the balance due on the trust for damages resulting from the cutting of timber on the land. The Supreme Court, pointing out that the suit to restrain the foreclosure did not allege any deficiency in the quantity of land for which complainants contracted, said at page 441:

> So that the case is simply this: The complainants are seeking by a suit in equity to set off against the unpaid balance of purchase money the unliquidated damages they have sustained by reason of the trespasses aforesaid, which cannot be done. Their remedy, if they have been injured as they claim, is at law. A suit in equity cannot be changed into an action of trespass; nor would the fact of the insolvency of the vendor give jurisdiction to the court of equity to enter such a decree as is prayed for, even if the injury complained of had been caused by the acts of the vendor himself. (Citations omitted.)

*Sacks* v. *Theodore*, 136 Va. 466 (1923), involved a similar situation. In that case complainant sought to restrain foreclosure under a purchase money deed of trust which was in default. Complainant alleged certain monetary damages caused him by action of the vendors with respect to the sale of the land to him. The Court found that the chancery proceeding was principally for the purpose of ascertaining and recovering unliquidated damages, and grant of the injunction by the trial court was reversed. Appropriate to the case at hand, the Court quoted *Robertson* v. *Hogshead*, 30 Va. (3 Leigh) 667, 672 (1832), as follows:

As the form of proceeding, then, excludes the possibility of rescission, the bill can only be looked on as a bill for an injunction to restrain the payment of an unpaid balance of purchase money, until a claim for unliquidated damages for the alleged fraud shall have been settled by an issue to be directed by the court. But it has long been settled that unliquidated damages cannot be set off in equity. [Citations omitted.] The party aggrieved should have instituted the proper proceedings and ascertained his damages, before he attempted to arrest the payment of the installment of the purchase money remaining due. Were a contrary practice allowed, an installment of $3,000 might be tied up, though the damages might eventually be only as many cents, or nothing. Moreover, I take it, a bill for damages only will not lie in equity.

*Shrader* v. *Gardner*, 70 W. Va. 780 (1912), similarly holds that in equity proceedings unliquidated damages cannot be used as set-offs. A claim for unliquidated damages by the mortgagor against the mortgagee sought to be set off against the amount due under the mortgage was denied as a basis for injunction against a foreclosure sale. *See generally* 13A Michie Jur., *Mortgages and Deeds of Trust*, § 116.

If instead of having sued for money damages for misrepresentation as to boundaries, etc., involving the subject realty, the complainant had instituted an equity proceeding for rescission of the sale to him by the defendant then an entirely different situation would present itself to the Court in considering the issuance of an injunction. But here the complainant in this case made a previous election to proceed in his law action on his claim for unliquidated damages. Having an adequate remedy at law for damages in that proceeding, he cannot in this one based on the same claim for unliquidated damages invoke equity jurisdiction to enjoin the foreclosure sale until his damages, if any, are fixed in the law action.

To allow him to do so would permit him to use his legal claim to delay the foreclosure pending determination of those damages so that they then might be used as a

set-off. That would be tantamount to the use of his unliquidated legal damages as a set-off presently. This would be contrary to established equity procedure. The injunction is denied for these reasons and the complainant is left to his legal remedies in his pending law action.