**McCLELLAN et al. v. HALEY et al.***
(No. 6686.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 1, 1922. Rehearing Denied Feb. 22, 1922.)

1. Mines and minerals ⬡112(3)—Lien for labor in drilling well does not extend to drilling machinery and casing.

Vernon's Ann. Civ. St. Supp. 1918, art. 5639a, providing for liens in favor of contracting laborers on land or leasehold interest therein or oil pipe line or gas pipe line, including the right of way for the same or lease for oil 'and gas purposes, the buildings and appurtenances, and on the materials and supplies so furnished, and on said oil well, gas well, water wells, oil or gas pipe line, mine or quarry, for which same are furnished, etc., does not subject to the lien drilling machinery and casing in the well and on the ground at the scene of operations.

2. Mines and minerals ⬡114—Account for laborers held uncertain as to dates.

When an account of laborers states the aggregate days in the month that work was done, but without specifying the particular days, it renders the dates uncertain.

3. Mines and minerals ⬡114—Laborer's lien for work not fixed when not filed within 30 days after debt became due at end of each week.

To fix a laborer's lien for work done, the account must be filed as required by Rev. St. art. 5622, within 30 days after the indebtedness accrues, and hence no lien was fixed, where an account was not filed within such time·after indebtedness became due as section 5622 pro-

vides at the end of each week during which labor was performed.

4. Mines and minerals ⬡114—Accounts for laborers are required to be itemized.

, Since accounts of laborers become due as soon as specified work is done, at which time their cause of action arises, they are required to be itemized.

5. Liens ⬡8—Statute creating liens strictly construed.

The terms of a statute creating liens are to be strictly construed.

Error from District Court, Menard County; N. T. Stubbs, Judge.

Action by J. C. McClellan and others against Ludlow, Thomas & Devenish, in which E. F. Haley intervened. From judgment for E. F. Haley, intervener, as against plaintiffs, and for plaintiffs as against Ludlow, Thomas & Devenish, as a firm, and against O. G. Devenish, as an individual, plaintiffs bring error. Affirmed.

Frank Hartgraves, of Menard, for plaintiffs in error.

J. C. Terrell, of Fort Worth, for defendants in error.

COBBS, J.  This suit was instituted by plaintiffs in error to recover from James R. Thomas, Henry Ludlow, and O. G. Devenish, a partnership known as Thomas, Ludlow & Devenish. E. F. Haley, one of the defendants in error, intervened, and claimed most of· the property involved in the suit.  The suit was to recover on a verbal contract for the drilling of a test well for oil and gas in Menard county at a specified amount per foot for the number of feet drilled and providing for additional pay for time spent in underreaming and for shut-down time, and asking for a foreclosure on an alleged laborer's lien, which had been filed by the plaintiffs in error. The proposed account for the work done to create the lien is sworn to and set out as an exhibit to the petition, showing the items and aggregate sum claimed.

The case was tried before the court without a jury, and judgment was rendered by default against James R. Thomas, Henry Ludlow, and O. G. Devenish as a firm, and against O. G. Devenish as an individual, and in favor of plaintiff in error for the full amount of their claim, but in favor of E. F.· Haley against plaintiffs in error.

E. F. Haley intervened, claiming to be the owner of a mineral lease on 480 acres of land in section 20, certificate No. 1256, original grantee, Galveston, Harrisburg & San Antonio Railway Company, in Menard county, and employed Ludlow, Thomas & Devenish to drill a well for oil upon said premises, and they in turn employed J. C. McClellan

and William Shaffer as drillers to drill said well under the contract, and E. F. Haley paid Ludlow, Thomas & Devenish certain moneys due under his contract. Haley was the owner of rig, rig irons, and all casing used in connection with the drilling of said well.

[1] Ludlow, Thomas & Devenish became indebted to plaintiffs in error and abandoned the contract, whereupon plaintiffs in error undertook to file a laborer's lien upon the casing in said well and the rig, rig irons, and thereupon brought suit to recover the debt and establish and foreclose the lien.

The trial court, after considering the exceptions of intervener, entered judgment that the plaintiffs have a judgment against the firm of Thomas and Ludlow and O. G. Devenish, composed of James R. Thomas, Henry Ludlow, and O. G. Devenish, in the sum of $14,896, and a personal judgment against O. G. Devenish in the sum of $14,896, with interest thereon at the rate of 6 per cent. from this date, and for which execution may issue, and further ordered, adjudged, and decreed that the exceptions of the intervener, E. F. Haley, be sustained, and that said laborer's lien be held of no force and effect, and declared not to be a lien on the property described, first, as to the amount claimed for shut-down time, and, second, that no lien attach for underreaming time.

The ruling of the court in sustaining the demurrer and entering judgment in favor of intervener, Haley, is assigned as fundamental error.

The itemized account was set out fully in the pleading upon which suit was brought for time spent by plaintiffs in error in underreaming in said well and for time during which work was shut down on said well, occasioned by failure to furnish material and equipment, and alleged:

"That on July 3, 1920, defendants paid plaintiffs $1,000 on the above-named indebtedness, leaving a balance due plaintiffs on the underreaming time and shut-down time on August 12th, when said work ceased on said well, of $14,896."

The allegations upon which the lien is sought to be created, as well as the property upon which it is sought to be fixed, is:

"That said indebtedness accrued on the 12th day of August, A. D. 1920. That within 30 days after said indebtedness had accrued, to-wit, on the 14th day of August, A. D. 1920, affiant made and presented to said J. R. Thomas, Henry Ludlow, and O. G. Devenish a duplicate account of such services with amount due for same. That affiant makes this affidavit to fix and secure a laborer's lien upon the following described personal property belonging to J. R. Thomas, Henry Ludlow, and O. G. Devenish, to wit: On Standard drilling rig complete; 550 ft. of 15½-in. casing in well; 750 ft. of 12½-in. casing in well; 1,437 ft. 10-in. casing in well; 1,980 ft. of 8-in. casing in well; 228½ ft. 8-in. casing on rack at well; 36½ ft. 15½-in. casing on ground at well; 61⅓ ft. 12½-in. casing on ground at well; 77 ft. 10-in. casing on ground at well. That all above property was situated in Menard county, Tex., said affidavit sworn to on the 14th day of August, 1920, by William Shaffer, one of the plaintiffs in this cause, said affidavit being made in accordance with and as prescribed by law for fixing laborer's liens, and plaintiffs did thereby fix and secure a lien on the following described personal property belonging to and in the possession of the defendants and being situated in Menard county, Tex., to wit:

| | |
|---|---|
| One Star drilling rig complete, of the probable value of | $ 1,000 00 |
| 586⅞ ft. of 15½-in. iron casing, of the probable value of | 2,000 00 |
| 811⅓ ft. of 12½-in. iron casing, of the probable value of | 2,000 00 |
| 2,210½ ft. of 8-in. iron casing, of the probable value of | 3,000 00 |
| 1,514 ft. of 10-in. iron casing of the probable value of | 2,000 00 |
| All being of a total value of | $10,000 00" |

It is contended by plaintiffs in error that before the adoption of article 5639a of Vernon's Civil Supplement by the Legislature in 1917, laborers and contractors on oil wells could not fix statutory liens on the property they were using, and they cite the case of Barton v. Wichita River Oil Co., 187 S. W. 1043. And to afford a remedy for this class of workmen article 5639a was enacted. The Legislature, having in contemplation just such a condition as here presented, attempted to fix liens upon practically all the property used in contracts for drilling oil wells, and carries as a part of the contract a provision for pay for the time that the laborer is forced by the acts of the employer to sit at the job and yet be able to do nothing, which is designated in such contracts "shut-down time."

Article 5639a, V. S., cited, provides for liens in favor of contracting laborers, in the following language, to wit:

"A lien on the whole of such land or leasehold interest therein, or oil pipe line or gas pipe line, including the right of way for same, or lease for oil and gas purposes, the buildings and appurtenances, and upon the materials and supplies so furnished, and upon said oil well, gas well, water well, oil or gas pipe line, mine or quarry for which same are furnished, and upon all of the other oil, wells, gas wells, buildings and appurtenances, including pipe line, leasehold interest and land used in operating for oil, gas and other minerals, upon such leasehold or land or pipe line and the right of way therefor, for which said material and supplies were furnished or labor performed."

It cannot be successfully contended that the statute attempted to authorize the creation of a lien upon property such as named in the suit. It does not appear in that article, as described, anywhere. The lien attempted to be fixed is upon the drilling rig,

and describes the several pieces of property as casing in well; casing on rack at well; casing on ground at well; it is not germane to any described article named in the statute that comes within that designation. The lien is not sought to be fixed upon the land, or leasehold interest, or pipe line, or right of way, or the buildings and appurtenances, or materials and supplies furnished, or upon the oil or gas well, pipe line, mines or quarries, etc., buildings, pipe lines, leasehold interest and land used in operating for oil or gas, the land or leasehold estate or right of way contemplated by the statute.

[2-4] While we believe plaintiffs in error would be as much entitled to pay for shutdown time and for underreaming as any other class of work done by laborers, yet no lien is given upon the character of property described in the suit. It was not their fault they were not working. They had a contract that entitled them to be paid whether working or not, and if defendants in error permitted them to remain idle, it was no fault of theirs. But they are not entitled under the terms of the statute to a lien upon property described, because the described property is excluded from, and not named in, the statute, nor embraced within its terms. The well that was being drilled belonged to E. F. Haley, intervener. The account filed by plaintiffs in error to create the lien was found by the court to be on the 14th day of August, more than 30 days after the accrual of the indebtedness. The account states the aggregate days in the month that work was done, but the particular days of the month are not specified, which thereby renders the dates uncertain. To fix such liens, it is required that they be filed within 30 days after the debt accrued. The alleged indebtedness became a due demand as provided by article 5636, R. S., at the end of each week during which the labor was performed, and the account was not filed (article 5622) within 30 days after its accrual, so no lien, if the statute authorized such, was fixed. Accounts of laborers are required to be itemized, for they become due as soon as the specific work is done, at which time, as a matter of course, their cause of action arose.

[5] Such liens are creatures of the statute, whose terms are to be strictly construed and will not, by any theory, be enlarged to embrace matters beyond its letter. It may, as stated by plaintiffs in error, have been the legislative intent to broaden the lien so as to reach all cases such as is under consideration, but it did not do so.

Since writing the above opinion, our attention is called to he case of Williams et al. v. Magouirk, 235 S. W. 641, Advance Sheets, just delivered in our mail.

A careful examination of the record and a consideration of the statute, in the light of the facts in this case, convince us that plaintiffs in error have acquired no lien upon the property described, and the judgment of the trial court is affirmed.