## SECURITY BANKING & INVESTMENT CO. et al. v. FLANAGAN.　(No. 456–3844.)

(Commission of Appeals of Texas, Section A. Oct. 10, 1923.)

**1. Mines and minerals ☞112(3)—One drilling oil well with materials, machinery, and supplies furnished by owner not entitled to lien on such materials, machinery, and supplies.**

One who performed labor in drillng oil well with tools, materials, machinery, and supplies furnished by owner did not have a lien on such materials, machinery, and supplies, under Vernon's Sayles' Ann. Civ. St. Supp. 1918, art. 5639a, giving persons who "perform labor or furnish materials, machinery or supplies" in the drilling of an oil or gas well a lien on "the materials and supplies so furnished."

**2. Mines and minerals ☞109—Oil well drilling contractor's petition held to plead right to damages for delay caused by fighting water.**

Oil drilling contractor's petition alleging that owners had agreed to furnish suitable casing, and that contractor was delayed for a period of 42 days, during which time he was required to fight water, because of owner's failure to furnish proper casing, and that inferior grade of casing furnished by owners was not heavy enough to withstand the water pressure, *held* to plead contractor's right to recover damages for such delay.

**3. Mines and minerals ☞109—Whether owner's failure to furnish contractor proper casing as required by contract caused delay in drilling held for jury.**

In oil well drilling contractor's action for failure to furnish equipment and materials as required by the contract, evidence *held* sufficient for submission to jury of whether delay of 42 days in drilling well, during which time the contractor was fighting water, was caused by the owner's failure to furnish proper casing.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by G. E. Flanagan against the Security Banking & Investment Company and others. Judgment for plaintiff was affirmed by the Court of Civil Appeals (241 S. W. 702), and the defendants bring error. Reversed in part and affirmed in part.

Burns, Christian, Gumm & Gordon and Bradley & Bradley, all of Fort Worth, for plaintiffs in error.

Goree, Odell & Allen, Rufus S. Garrett, and Ernest May, all of Fort Worth, for defendant in error.

BISHOP, J. In this case the defendant in error sues plaintiffs in error, alleging that on the 29th day of April, 1919, he entered into a written contract with the Security Banking & Investment Company, an incorporated association, to complete the drilling of an oil and gas well in Jones county, Tex.; that the well was at the time 620 feet deep, and that under the contract defendant in error was to drill it to the depth of 3,000 feet, and receive as compensation therefor the sum of $7 per foot; that the well was drilled 2,205 feet when the plaintiffs in error wrongfully discharged him, and denied him access to the well and premises, and refused to further carry out said contract, and rendered it impossible for him to complete the well; that he was entitled to $15,405 under his contract for drilling said well 2,205 feet, and that he has been paid under said contract only $6,400. He also alleges that under said contract plaintiffs in error agreed to furnish the rig, casing, fuel, and water, together with the tools necessary to drill said well, and that for such delays as should be necessarily caused by plaintiffs in error he should be entitled to $100 per day; that on account of their failure to furnish water, fuel, and suitable rig and tools necessary for the drilling of said well he was delayed 151 days, as set out in exhibit attached to his petition. He further alleges that, complying with the Revised Civil Statute providing for the fixing of mechanic's and materialman's lien on oil and gas wells, etc., he filed with the county clerk of said county his said contract, which was duly recorded, and that he also filed with said clerk an itemized statement of his account for the drilling of said well by which he fixed a mechanic's and materialman's lien on the rigs used in connection with the drilling of said well, together with all casing used in connection therewith and all tools so used, and all other equipment used in the drilling of same, a list of which is shown in an exhibit made a part of his petition.

Plaintiffs in error filed answer, putting in issue grounds of liability alleged in the petition.

The case was submitted to a jury on special issues, and a verdict was returned finding that the failure of defendant in error to drill the well to a depth of 3,000 feet was caused by the wrongful acts of plaintiffs in error in violation of their contract, and that defendant in error was necessarily delayed 86½ days by reason of failure of plaintiffs in error to comply with the terms of their contract. The trial court rendered judgment in favor of the defendant in error against plaintiffs in error in the sum of $18.703.97, with 6 per cent. interest and foreclosure of the lien on rig, tools, and equipment. The case was appealed to the Court of Civil Appeals by plaintiffs in error, resulting in the judgment of the trial court being in all things affirmed, and is before the Supreme Court on writ of error.

In their petition for writ of error the first assignment is as follows, to wit:

"The court erred in rendering judgment foreclosing the laborer's lien claimed by plaintiff on

the casing and other materials used in connection with said well, and which had not been furnished by plaintiff."

Under this assignment it is contended that an oil well driller is not entitled to a lien under the terms of article 5639a, Vernon's Sayles' Civil Statutes, 1918 Supp., upon the material, machinery, and supplies used in connection with the well, but which were not furnished by such driller, and that the Court of Civil Appeals in affirming this judgment held differently from a prior decision of the Court of Civil Appeals of the Fifth Supreme Judicial District in the case of Williams v. Magouirk, 235 S. W. 640, and from the Court of Civil Appeals of the Fourth Supreme Judicial District in the case of McClellan v. Haley, 237 S. W. 627.

[1] In this case the rig, casing, materials, tools and supplies were not furnished by defendant in error, but were furnished by plaintiffs in error under the contract.

Article 5639A, V. S., is as follows:

"Any person, corporation, firm, association, partnership, materialman, artisan, laborer, or mechanic, who shall, under contract, express or implied, with the owner of any land, mine or quarry, or the owner of any gas, oil or mineral leasehold interest in land, or the owner of any gas pipe line or oil pipe line, or owner of any oil or gas pipe line right of way, or with the trustee, agent or receiver of any such owner, perform labor or furnish material, machinery or supplies, used in the digging, drilling, torpedoing, operating, completing, maintaining or repairing any such oil or gas well, water well, mine or quarry, or oil or gas pipe line, shall have a lien on the whole of such land or leasehold interest therein, or oil pipe line or gas pipe line, including the right of way for same, or lease for oil and gas purposes, the buildings and appurtenances, and upon the materials and supplies so furnished, and upon said oil well, gas well, water well, oil or gas pipe line, mine or quarry for which same are furnished, and upon all of the other oil wells, gas wells, buildings and appurtenances, including pipe line, leasehold interest and land used in operating for oil, gas, and other minerals, upon such leasehold or land or pipe line and the right of way therefor, for which said material and supplies were furnished or labor performed. Provided, that if labor supplies, machinery, or material is furnished to a leaseholder the lien hereby created shall not attach to the underlying fee title to the land."

Here the defendant in error under the contract performed labor only. He furnished neither tools, materials, machinery, nor supplies, and under this article was given no lien on this character of property. And the provision allowing a lien "upon the materials and supplies so furnished" could not apply to him. In the case of Williams v. Magouirk, above, the issue was as to whether on plea of privilege the district court of Wood county had venue of the case by reason of the fact that the property on which plaintiff claimed a lien of this character was situated therein. The pleadings and evidence show that plaintiff had filed with the county clerk his account and affidavit purporting to fix a lien on the derrick, tools, engine, pumps, casing, drill joint, swivel, traveling block, line shaft, and all other accessories and appurtenances to the well rig, and was suing for wages alleged to be due for labor performed in constructing and operating the oil well rig. The court held that the character of property upon which plaintiff sought to foreclose a lien was not such as was included in the statute allowing a lien for such services; that no lien therefore existed on the property, and that venue did not obtain in Wood county. In construing this article, the court makes use of this language:

"However, as we interpret the language of the section above referred to, the lien created by same does not extend to and include the property described in appellee's petition as above set out, as the act under discussion only extends the lien therein provided for as to material, machinery, or supplies to such material, machinery, or supplies furnished by the laborer or mechanic and used in the digging, drilling, torpedoing, operating, completing, maintaining, or repairing any such oil or gas well. It is neither alleged nor proved that any of the material, machinery, or supplies described in appellee's petition were furnished by appellee, and were used in the digging or repairing an oil or gas well owned by appellants, or that the same were so furnished for the purpose of being so used. We cannot by implication or by an interpretation not authorized by the plain language of the act extend the provisions of same beyond that which it is apparent the Legislature alone intended same to apply."

The decision in McClellan v. Haley is to the same effect.

Plaintiffs in error complain of the refusal of the trial court to give in charge to the jury their special requested instruction as follows:

"You are hereby instructed that in estimating whether the plaintiff was necessarily shut down during the drilling of said well on account of the failure of defendants to carry out their part of said contract, or for such delays within the control of the defendants, you shall not allow any shut down time on the plaintiff's item for 42 days for fighting water,"

—first, "because the evidence showed that defendant in error was not shut down for that length of time for that purpose"; and, second, "because according to the undisputed testimony and according to defendant in error's own allegations on the witness stand, he was not shut down for that purpose, but was claiming the amount of that item as damages, whereas he can recover nothing on said item as damages because it was not pleaded as damages and there was no pleading or testimony of the amount in which he

was damaged by reason of being compelled to fight water."

[2] With this contention we cannot agree. Defendant in error in his petition alleged that plaintiffs in error in their contract agreed that they would furnish suitable drill, rig, casing, fuel, water, and tools, which they failed to do; that, because of their failure so to do, he was delayed and shut down for the time shown in the exhibit attached to his petition, and that same could have been furnished by the use of due and reasonable diligence.

One of the items set out in said exhibit was as follows:·

"September 18, 1919, for 42 days fighting wet hole caused by defendants furnishing plaintiff casing of an inferior grade and not heavy enough to withstand the water pressure and which became broken and permitted the water to seep into the hole."

The petition contains the following allegations:

"And particularly with reference to said delay of 42 days beginning on September 28, 1919, plaintiff says that said delay was caused by defendants furnishing improper and inferior casing, and casing that was too light for such work and their failure to furnish proper casing as they well knew; that plaintiff called this matter to the attention of the officers and agents of defendants, who insisted that he go ahead and use such casing over his protest and objection, and that such delay is attributed to failure of defendants to furnish proper casing and requiring plaintiff to use the casing furnished."

[3] The issue so tendered was amply supported by the evidence and should have been submitted to the jury. Defendant in error testified that, if they had had pipe sufficient to turn the water, they would have had a dry hole, and could have continued drilling; that the pipe was bad, and let the water on the walls of the well, which caused the well to cave, and that from September 28, 1919, for 42 days they were delayed in drilling by reason of this defective casing. While testifying he said:

"I will state that we were not shut down all that time, but it took us that much time to get the hole straightened out; I do not claim it as shut down time; I claim it as damaged time."

But he explains this fully by stating that for the 42 days he was prevented from drilling, by reason of the defective casing, and that he called this matter to the attention of plaintiffs in error, who insisted and required that he use such casing.

After due consideration we have concluded that the Court of Civil Appeals has correctly decided all other assignments presented in the petition for writ of error. We therefore recommend that the judgment of the trial court and that of the Court of Civil Appeals be reversed in so far as it foreclosed the lien on the property involved, and that foreclosure be denied, and that in all other respects the judgment be affirmed.

CURETON, C. J. Judgments of the Court of Civil Appeals and the district court both reformed so as to deny foreclosure of lien, and in all other respects both judgments are affirmed.