There is no conflict in the opinions of the Courts of Civil Appeals.

In the case of Malloy v. Industrial Cotton Oil Properties the court held that under the evidence the "shipper's order" bill of lading, with draft attached, was part of the contract of sale, and that its terms required delivery by the shipper to the purchaser at the place of destination of shipment, and for this reason venue obtained in the county of such destination.

In the case of Southwestern Grain & Seed Co. v. Blumberg, no evidence that the bill of lading was a "shipper's order" bill of lading, or that it was any part of the contract of sale, is shown. The court held that it was no part of the contract; that the contract required delivery at the place of origin of shipment; and that venue did not obtain in a county other than that of the residence of defendants, which was neither that of origin nor destination of shipment.

We therefore recommend that the writ be denied.

CURETON, C. J. The writ of mandamus is denied as recommended by the Commission of Appeals.

---

**SECURITY BANKING & INVESTMENT CO. et al. v. G. E. FLANAGAN.**
**(No. 456–3844.)**

(Commission of Appeals of Texas. Section A. June 12, 1924.)

On motion to correct judgment. Granted.

Burns, Christian, Gumm & Gordon and Bradley & Bradley, all of Fort Worth, for plaintiffs in error.

Goree, Odell & Allen, Rufus S. Garrett, and Ernest May, all of Fort Worth, for defendant in error.

BISHOP, J. It appears that on the 9th day of December, 1920, the defendant in error, G. E. Flanagan, recovered judgment against the Security Banking & Investment Company, H. L. Houghton, H. E. Trowbridge, and F. C. Schumaker, jointly and severally, as trustees of the said Security Banking & Investment Company, and individually in the sum of $18,703.97, together with foreclosure of lien on certain property. On appeal to the Court of Civil Appeals for the Second Supreme Judicial District (241 S. W. 702) this judgment was in all respects

affirmed, and judgment also rendered against F. E. Cragin, W. W. Ely, and P. W. Talbot, sureties on the supersedeas bond filed in said district court by plaintiffs in error. On writ of error to the Supreme Court the judgments of the Court of Civil Appeals and the district court were reversed in so far as they foreclosed the lien on the property, but in all other respects were affirmed. In entering judgment in the Supreme Court (254 S. W. 761), through error, a recovery by defendant in error, G. E. Flanagan, was allowed against said Security Banking & Investment Company alone, and this motion is to correct judgment so that same may run against the other plaintiffs in error herein named, and also against said sureties on said supersedeas bond.

We recommend that said motion be granted and judgment corrected as prayed for.

CURETON, C. J. Motion to correct judgment granted, and judgment corrected as recommended by the Commission of Appeals.