## HEMPHILL v. GLEASON. (No. 10943.)*

(Court of Civil Appeals of Texas. Fort Worth. Feb. 21, 1925. Rehearing Denied April 11, 1925.)

**1. Mechanics' liens** ⊚⥈149(4)—**Filed affidavit of account, in form of statement in aggregate, for material and labor held sufficient to fix mechanic's and materialman's lien on oil rigs.**

An affidavit of account filed in the office of the county clerk, which was a statement in the aggregate for material and labor furnished in constructing oil rigs, *held* sufficient, within Rev. St. art. 5622, and Acts 1917, c. 17, §§ 1, 4 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5639a, 5639d), to fix mechanic's and materialman's lien.

**2. Mechanics' liens** ⊚⥈48—**That oil well rig was not used in drilling operations on lease held not to preclude attaching of mechanic's and materialman's lien on lease for rig.**

That oil well rig was not used in drilling operations on lease *held* not to preclude attaching of mechanic's and materialman's lien, under Rev. St. art. 5622, and Acts 1917, c. 17, §§ 1, 4 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5639a, 5639d), on the lease for the rig.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by the Dorsey Lumber & Rig Company against H. E. Wilcox and M. R. Hemphill. After institution of suit the company assigned its claim to Thomas Gleason, who prosecuted the suit to final judgment. From an adverse judgment, M. R. Hemphill appeals. Affirmed.

Marshall & King, of Graham, for appellant.

Bryan, Stone, Wade & Agerton, of Fort Worth, and John F. Evans, of Breckenridge, for appellee.

DUNKLIN, J. The Dorsey Lumber & Rig Company, hereinafter called "the rig company," erected for H. E. Wilcox two oil well derricks, furnishing all the material and labor therefor. The two rigs were known and designated as the Wilcox-Keithley rig No. 1, and the Wilcox-Keithley rig No. 2.

The No. 2 rig was sold by Wilcox to M. R. Hemphill, who removed it from the Keithley farm in Stephens county, on which farm Wilcox owned an oil lease. The rig company filed and recorded in the office of the county clerk of Stephens county a mechanic's and materialman's lien on both rigs prior to the sale of rig No. 2 to Hemphill.

The rig company instituted this suit against Wilcox and Hemphill to recover the amount owing by Wilcox for the two rigs and to foreclose its mechanic's and materialman's lien on the rigs and lease; the suit against Hemphill being for a personal judgment only for the value of rig No. 2, which, it was alleged, he had wrongfully converted to his own use. After the institution of the suit, the rig company assigned its claim to Thomas Gleason, who prosecuted the suit to final judgment. Wilcox made default, and a personal judgment was rendered against him for the amount of the debt claimed and for foreclosure as against both rigs. Of that portion of the judgment no complaint is made here, and it will not be further noticed. A judgment was also rendered against Hemphill for the value of rig No. 2, which it was found he had converted to his own use, and from that judgment Hemphill has appealed.

The first question to be determined is whether or not the affidavit filed in the office of the county clerk by the rig company in order to fix a mechanic's and materialman's lien was in compliance with the statutes. It was alleged in the petition, and the proof showed, that rig No. 2 was built on the Keithley lease under and by virtue of an oral contract with Wilcox to pay therefor the sum of $4,479.69; the rig company agreeing to furnish all the labor and material necessary therefor. The affidavit filed by the rig company in order to fix the lien claimed stated that the labor performed and material furnished in order to construct said rig was under and by virtue of a verbal contract between the rig company and Wilcox. Attached to the affidavit and specifically referred to therein was the following statement of account for rig No. 2:

Jan. 28, 1921.

Charge to No. 2 Keithley.
Furnishing and building one Dorsey Pattern windlegged rig, complete with 6-inch Parkersburg rig irons, including digging and boarding up cellar........................ $4,479 69

The affidavit was in all other respects in compliance with the provisions of article 5622, chapter 2, title 86, of our Revised Statutes, entitled "Liens," which reads as follows:

"In order to fix and secure the lien herein provided for, it shall be the duty of every original contractor, within four months, and every journeyman, day laborer or other person seeking to obtain the benefits of the provisions of

this law, within thirty days after the indebtedness shall have accrued, to file his or their contract in the office of the county clerk of the county in which such property is situated, and cause the same to be recorded in a book to be kept by the county clerk for that purpose; provided, that, if such journeyman, day laborer or other persons have no written contract, it shall be sufficient for them to file an itemized account of their claim, supported by affidavit, showing that the account is just and correct, and that all just and lawful offsets, payments and credits known to the affiant have been allowed."

Article 5639a, which is section 1 of chapter 17, Acts of 1917, V. Civ. Statutes, 1918 Supplement, reads as follows:

"Any person, corporation, firm, association, partnership, materialman, artisan, laborer or mechanic, who shall, under contract, express or implied, with the owner of any land, mine or quarry, or the owner of any gas, oil or mineral leasehold interest in land, or the owner of any gas pipe line or oil pipe line, or owner of any oil or gas pipe line right of way, or with the trustee, agent or receiver of any such owner, perform labor or furnish material, machinery or supplies, used in the digging, drilling, torpedoing, operating, completing, maintaining or repairing any such oil or gas well, water well, mine or quarry, or oil or gas pipe line, shall have a lien on the whole of such land or leasehold interest therein, or oil pipe line or gas pipe line, including the right of way for same, or lease for oil and gas purposes, the buildings and appurtenances, and upon the materials and supplies so furnished, and upon said oil well, gas well, water well, oil or gas pipe line, mine or quarry for which same are furnished, and upon all of the other oil wells, gas wells, buildings and appurtenances, including pipe line, leasehold interest and land used in operating for oil, gas and other minerals, upon such leasehold or land or pipe line and the right of way therefor, for which said material and supplies were furnished or labor performed. Provided, that if labor supplies, machinery, or material is furnished to a leaseholder the lien hereby created shall not attach to the underlying fee title to the land."

Article 5639d, which is section 4 of the same act, provides, in part, as follows:

"The liens herein created shall be fixed and secured and notice thereof shall be given and such liens shall attach and be enforced in the same manner, and materialman's statement, or the lien of any laborer herein mentioned shall be filed and recorded within the same time, and in the same manner as provided for in chapter 2, title 86, entitled 'Liens,' of the Revised Statutes of 1911 of the state of Texas, relating to liens for mechanics, contractors, builders and materialmen as the same now exists or may hereafter be amended."

[1] Appellant insists that, since the account so filed was not an itemized account of the material and labor furnished, but was a statement in the aggregate for material and labor, no lien was fixed by filing it. We overrule that contention upon the authority of Pool v. Wedemeyer & Schulte, 56 Tex. 287. In that case a mechanic's and materialman's lien was claimed, based upon the filing and recording of the following account:

"Galveston, Tex., March 3, 1874.
"Mr. William Pool to Wedemeyer & Schulte, Dr., House and Sign Painters, Glaziers, Grainers, and Paper Hangers. To painting house out and inside, two coats, $405."

In the opinion the following is said:

"The grounds relied upon in oral argument are, in substance:
"(1) That the paper filed and recorded, under which the lien is claimed, does not clearly set out what the contract was.
"(2) That the paper recorded does not contain a sufficient bill of particulars. * * *
"In this case it is not claimed that there was a written contract from which the lien arises, but the same is claimed under a verbal contract. The statute provides that, 'if the contract, order or agreement be verbal, a duplicate copy of the bill of particulars shall be made under oath, one to be delivered to the clerk to be filed and recorded as provided for written contracts, and the other to be served upon the party owing the debt.' This language does not in terms direct that the terms of the verbal contract shall be set out with the bill of particulars in the paper to be recorded, but upon the contrary the fair import of the language conveys the idea that it was not intended that verbal contracts should be set out, or that contracts by law implied from the acts of the parties should be put into words and recorded. * * *
"The paper recorded did not show that there was an express verbal contract to pay the named sum for painting the house, but the evidence shows that such was the case; this does not show a variance in the contract as made and as would be implied from the paper recorded; and we only refer to this matter here for the reason that, when an entire job is done under contract, the same reason and necessity do not exist for giving the various items of work or material as would exist in a case where there was no express contract, under which uncertain work is to be done for a sum certain. When an entire work is done under an express verbal contract, when both labor and material enter into the same, the reason of the requirement would not render it necessary to set out each item of material and labor furnished or done, but the same may be aggregated as one item, and it will be sufficient. Phillips on Mechanics' Liens, 350, 352, and citations.
"A substantial compliance with the requirements of the statute must be had or the lien does not exist; but a construction so strict as in effect to require something done which the statute in neither terms nor spirit requires is to legislate terms into the statute."

That decision was followed with approval in Texas State Fair & Dallas Exposition v. Caruthers, 8 Tex. Civ. App. 474, 29 S. W. 48.

Several decisions are cited by the appellant to support his contention, but we believe all of them are clearly distinguishable

from the case cited above. Some of them will be now noticed.

In Boynton v. Chamberlain, 38 Tex. 605, a judgment was reversed because plaintiff's petition did not set out his cause of action in a plain and intelligent manner, since the account on which the suit was founded and referred to as Exhibit A was not attached to the petition, and the petition itself did not contain a statement of the items of the account. In fact, it does not appear from the decision that a mechanic's lien was involved.

In Ferguson v. Ashbell & Simpson, 53 Tex. 245, while the affidavit filed stated that the work for which recovery was sought was furnished under an oral contract, yet it did not state that any specific price to be paid therefor was agreed to, but, on the contrary, it was stated that the owner of the building promised and agreed to pay the reasonable value of such work and material.

Meyers v. Wood, 95 Tex. 67, 65 S. W. 174, was a suit by a subcontractor to fix a lien upon a building for material and labor furnished by him to the contractor. Article 3296, which is now article 5623, Rev. Statutes, was relied upon to give that lien. That article requires written notice to the owner of the building of each and every item furnished by the subcontractor, and filing in the office of the county clerk an itemized account of the claim. In that case Justice Brown, after setting out the account filed by the subcontractor, viz. "Bill of sash and doors, per contract, $640; February 3 to bill of mill work, $175," had this to say:

"This statement is wholly insufficient to fix a materialman's lien as specified in the statute. This is not a case of the contract made by the materialman with the owner of the property, in which case it would be sufficient to state the thing contracted for, and the amount of the contract price (Pool v. Wedemeyer, 56 Tex. 287); but in a case like this a man's property can only be subjected for the value of the material furnished or the labor performed, and the owner is not bound by the terms of a contract made between the builder and materialman."

In that opinion it is further held that the term "bill of particulars," used in the former mechanic's lien statute, which was construed in Pool v. Wedemeyer, means the same as "itemized account" in the present statute.

The cases of Gordon-Jones Construction Co. v. Welder (Tex. Civ. App.) 201 S. W. 681, and McClellan v. Haley (Tex. Com. App.) 250 S. W. 413, were both cases in which a lien claimed was for material and labor furnished by a subcontractor to the original contractor. For that reason the cases are likewise distinguishable from the present case.

In Williams v. Magourik (Tex. Civ. App.) 235 S. W. 640, the only question determined was that an oil driller did not have a mechanic's lien for wages due him for work on certain personal property consisting of a derrick, pump, casing, and other accessories to a well-drilling rig, since those articles were not appurtenances to the well or to the lease upon which the well was drilled and upon which lease the plaintiff did not claim any lien.

[2] Another contention advanced by appellant is that, since, as shown by undisputed proof, the Keithley rig No. 2 was never used in any manner in drilling operations on the lease owned by Wilcox, no statutory lien could be fixed therefor on the lease for the rig. No authorities are cited directly in point, but some general expressions in the cases of Debenham v. Short (Tex. Civ. App.) 199 S. W. 1147, and Williams v. Magouirk, noted above, are cited in support of the contention that the plain language of article 5639a cannot be extended beyond that which the language would justify.

However, the decision of our Supreme Court in Trammell v. Mount, 68 Tex. 210, 4 S. W. 377, 2 Am. St. Rep. 479, is exactly the reverse of the contention here made, and shows that such contention must be overruled. In that case it was held that, although stone which was furnished for the construction of the building was not used for that purpose, but was carried away and used by the owner in the construction of another building, the mechanic's lien nevertheless attached to the building for which it was ordered, and we are cited to no case announcing a ruling to the contrary.

For the reasons given, all assignments of error are overruled, and the judgment of the trial court is affirmed.