## BALL v. DAVIS.　(No. 7915.)

Court of Civil Appeals of Texas. San Antonio.
Feb. 1, 1928.

Rehearing Denied March 14, 1928.

Mines and minerals ⬤⟳112(3)—Oil well driller held to have lien, for services, on drilling rig and casing placed in oil well (Rev. St. 1925, arts. 5452–5479, 5483–5488, 5503–5506).

Under the Constitution and Rev. St. 1925, arts. 5452–5479, 5483–5488, and 5503–5506, oil well driller had lien, for services in drilling oil well on drilling rig on which he had made repairs, and casing placed into, and which became part of, well, and such lien was subject to foreclosure.

Appeal from District Court, McMullen County; T. M. Cox, Judge.

Suit by T. M. Davis against George M. Ball. Judgment for plaintiff, and defendant appeals. Affirmed.

Gaines, Quin, Harley & Gaines, of San Antonio, for appellant.

Covey C. Thomas, of Cotulla, and Bruce Teagarden, of San Antonio, for appellee.

COBBS, J. This suit was brought by appellee against appellant based upon a sworn account against appellant, not denied under oath, for money for services rendered, and seeking a foreclosure of the constitutional and statutory liens of laborers and mechanics for the drilling of an oil well.

Defendant answered by urging general and special exceptions to appellee's pleading and by filing an unsworn answer in reply to appellee's sworn account.

The case was tried by the court without a jury, and after hearing all the evidence the court entered his findings and rendered judgment in favor of appellee.

The judgment of the court passes upon all the issues of fact presented in appellant's brief for us to pass upon. We think the testimony supports the findings and the judgment of the trial court.

For discussion we copy the contention of appellant as to the concrete issues as set out in his brief:

"This case should be reversed and rendered, or reversed and remanded, for the following reasons:

"First. The evidence shows that the plaintiff is not entitled to the amount allowed him in the judgment rendered by the court.

"Second. He is entitled to no lien whatever upon any character of property because he failed to file a complete itemized statement of the account for labor performed, and failed to file his claim with the defendant within the time necessary to fix the lien.

"Third. Because, by the judgment of the court, he is given judgment of foreclosure of a lien upon the rig and casing in the well and on the ground, which is not sustained by the facts nor contemplated by law."

The first ground is overruled, because the evidence supports the amount of the judgment rendered.

We think the petition stated a good cause of action for debt and for the foreclosure of the lien, and the court did not err in overruling the demurrer. The special demurrer urged several different matters in one, while even though one might be sifted out and be well taken, still it could not be sustained as a whole. It is not error to foreclose a lien on a drilling outfit and casing for labor performed by a driller. No request was made to exclude any particular items, and appellant did not present the point that the drilling rig was not subject to a lien or foreclosure, even though under the facts the casing in the well was. Appellee and Morgan actually repaired the drilling outfit, etc., while working on it and had a lien therefor for that reason, by virtue of the Constitution, on the whole or a part of the items mentioned.

There was no merit in the motion to render judgment for it does not attack the sufficiency of the facts in support of the judgment, and there is no assignment that the judgment is unsupported by the facts, for it is, and therefore the motion for judgment urged was not well taken, which necessarily included the idea that appellee was entitled to recover his debt, a disputed question the court had to and did decide.

The effect of the motion was to hold that a laborer's lien could not attach upon a drilling

---

rig and casing, because the statutory objects do not include drilling rig and casing. The evidence shows that the casing was put into and became a part of the well. The constitutional lien covers labor and all improvements which include an oil well with casing, which is an improvement, and the laborer who drilled it and made the improvements, wet or dry, has a lien on those things, such as casing, etc., placed by him in the well, without which it would not be an oil or gas well. Such a lien exists for repairs and work on the tools, machinery, and implements. Strang v. Pray, 89 Tex. 525, 35 S. W. 1054; Farmers' & Mechanics' Nat. Bank of Fort Worth v. J. T. Taylor et al., 91 Tex. 78, 40 S. W. 876, 966; De Bruin et al. v. Santo Domingo Land & Irrigation Co. (Tex. Civ. App.) 194 S. W. 654; First Nat. Bank v. Lyon-Gray Lumber Co. (Tex. Civ. App.) 194 S. W. 1146.

Under chapter 2 of title 90 of the Revised Statutes of 1925, appellee has a statutory lien on all the property mentioned, and he also has such statutory lien on all such property, under the provisions of chapter 3 of title 90, and under the provisions of chapter 5 of such title, and under articles 5503, 5504, 5505, and 5506, giving lien on property repaired, and that he has such a lien, and that under article 5479, the remedy in chapter 3 is cumulative, and under all these statutes he has a statutory lien, in addition to his constitutional lien. McClellan v. Haley (Tex. Civ. App.) 237 S. W. 627, same case by Supreme Court, 250 S. W. 413; Hemphill v. Gleason (Tex. Civ. App.) 272 S. W. 275; Moore v. Carey Bros. Oil Co. (Tex. Com. App.) 269 S. W. 75, 39 A. L. R. 1247.

We are disposed to adopt the court's findings on the facts which are supported by the evidence, likewise the court's judgment.

The judgment rendered does substantial justice between the parties, and, no reversible error shown committed, it is therefore affirmed.