## WOODS v. LANIER et al.
### No. 12907.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 25, 1933.

Donald & Donald, of Bowie, for appellant.

Homer B. Latham, of Bowie, for appellees.

DUNKLIN, Justice.

Henry Woods recovered a personal judgment against J. A. Lanier and J. S. Lanier for $1,270.23, as a balance due for services

rendered by plaintiff in the operation of certain oil wells on an oil and gas lease held by his employers on a tract of 59½ acres of land; also for foreclosure of a statutory laborer's lien on the lease as against his employers and also against Luke Grant, a subsequent assignee of the lease, who was also made a defendant in the suit. No appeal has been prosecuted from the judgment awarding that relief. But the plaintiff in the case has prosecuted this appeal from the further judgment denying him a foreclosure of a statutory laborer's lien on 60 joints of 5¾₁₆-inch casing, 45 joints of 6⅝-inch casing, 40 joints of 2-inch pipe, 5 joints of 2½-inch tubing, one set of 2-inch stock and die, one 35-horse power Supreme gas engine, one 8-pound gun barrel, one wooden derrick, one 16-pound sledge, one 12-pound sledge, one 2-inch bell nipple, one sucker rod elevator, one Fordson tractor, and one 150-pound Panhandle tank; and the only question presented here is whether or not plaintiff was entitled to a laborer's lien on those articles as well as upon the lease itself.

Plaintiff filed his laborer's lien, and in the affidavit made by him as a part thereof he specifically claimed a statutory lien upon those articles as well as upon the lease. The statute relied on is article 5473 of the Revised Civil Statutes, as amended by the 41st Legislature, Acts 1929, p. 477, c. 223, § 1 (Vernon's Ann. Civ. St. art. 5473), which is as follows:

"Any person, corporation, firm, association, partnership, artisan, materialman, laborer or mechanic, who shall, under contract, express or implied, with the owner of any land, mine or quarry, or the owner of any gas, oil or mineral leasehold interest in land, or the owner of any gas pipe line or oil pipe line, or the owner of any oil or gas pipe line right-of-way, or with the trustee, agent or receiver of any such owner, perform labor, furnish or haul material, machinery or supplies used in digging, drilling, torpedoing, operating, completing, maintaining or repairing any such oil or gas well, water well, mine or quarry, or oil or gas pipe line, shall have a lien on the whole of such land or leasehold interest therein, or oil pipe line, or gas pipe line, including the right-of-way for same, or lease for oil and gas purposes, the buildings and appurtenances, and upon the materials and supplies so furnished or hauled, and upon said oil well, gas well, water well, oil or gas pipe line, mine or quarry for which the same are furnished or hauled, and upon all of the other oil wells, gas wells, buildings and appurtenances, including pipe line, leasehold interest, and land used in operating for oil, gas and other minerals, upon such leasehold or land or pipe line and the right-of-way therefor. for which said material and supplies were furnished or hauled or labor performed. Pro-

vided, that if labor, supplies, machinery or material is furnished to or hauled for a leaseholder, the lien hereby created shall not attach to the underlying fee title to the land."

Plaintiff testified without contradiction that those articles were on the lease at the time his affidavit and claim of laborer's lien was filed. According to his further testimony, all of those articles were necessary parts of the equipment required to operate two wells that had been drilled on the lease and were so used, and, according to further testimony pointed out in appellant's brief, due notice was given to the owners of the lease of the filing of the lien in accordance with the requirements of the statutes.

No briefs have been filed in this case in reply to appellant's brief. Nor is there anything in the record showing upon what theory the court denied plaintiff a right of foreclosure upon the articles mentioned as well as upon the lease itself.

The statute referred to gives a lien upon machinery and supplies furnished for the purposes therein mentioned in favor of a party furnishing the same, as well as upon the lease, and the lien given to a laborer, such as plaintiff in this case, is upon "the land or leasehold interest therein, or oil pipe line, or gas pipe line, including the right-of-way for same, or lease for oil and gas purposes, the buildings and appurtenances" thereto. Since plaintiff did not furnish any of the articles in question or haul the same to the lease, he did not acquire a statutory lien thereon, unless the same can be held to be appurtenances to the lease. And that they were not such we believe settled by the decision of this court in an opinion by Chief Justice Conner in Longhart Supply Co. v. Keystone Pipe & Supply Co. (Tex. Civ. App.) 26 S.W.(2d) 389 (writ of error refused), in which it was held that a drilling rig was not an appurtenance to the lease within the meaning of that statute, and in that opinion other authorities were reviewed, including Williams v. Magouirk (Tex. Civ. App.) 235 S. W. 640, in which it was held that a derrick and other drilling equipment furnished and used in the drilling of an oil well were not appurtenances within the meaning of the statute; also the decision of the Commission of Appeals in Security Banking & Investment Co. v. Flanagan, 254 S. W. 761, holding that the statute did not give a lien on an oil rig, and in the opinion in that case the decisions in Williams v. Magouirk and McClellan v. Haley (Tex. Civ. App.) 237 S. W. 627, were cited with approval, the latter decision so cited holding that the statute does not subject drilling machinery and casing in the well to a laborer's lien.

A further point is made that the court was without jurisdiction to try the case because it was tried during vacation and with-

**362.**

out the consent of the two defendants, J. A. Lanier and J. S. Lanier. However, those two defendants made default, and the case was tried with the consent of the plaintiff and the only other defendant who made any defense. Under such circumstances, there is no merit in the assignment now under discussion.

For the reasons noted, all assignments of error are overruled, and the judgment is affirmed.