### LEE C. MOORE & CO. v. JARECKI MFG. CO.

### No. 1411.

Court of Civil Appeals of Texas. Eastland.
March 22, 1935.

On Motions for Rehearing April 26, 1935.

Second Motion for Rehearing Denied May 17, 1935.

. Saner, Saner & Jack and R. E. Kepke, all of Dallas, for appellant.

Turner, Seaberry & Springer, of Eastland, for appellee.

HICKMAN, Chief Justice.

The appeal is from a judgment in favor of appellee against appellant for damages for the conversion of "one Lee C. Moore & Company steel derrick equipped for use of standard cable tools." On February 29, 1932, appellee recovered judgment against S. A. Hopkins for $10,045.55, with a foreclosure of its alleged materialman's lien and its attachment lien upon a large amount of property, including the derrick and the leasehold estate in the land on which it was situated. The only parties to that suit were the appellee and Hopkins. The derrick was originally sold on open account by appellant to Hopkins. Later, and on May 21, 1930, Hopkins sold same to J. C. McFarland, along with other property, and in part payment therefor McFarland executed to Hopkins his note for $2,800, and, as security therefor, he executed to Hopkins his chattel mortgage covering this derrick and other property. Two days later, May 23, 1930, Hopkins transferred and assigned this note and mortgage to appellant, who later filed the mortgage for registration in Eastland county. The suit of appellee against Hopkins was filed subsequent to the registration of this mortgage, but neither appellant nor McFarland were made parties thereto. An order of sale was issued on appellee's judgment against Hopkins, and appellee became the purchaser at the sheriff's sale; the only title to the derrick claimed by it coming through that sale. It is evident that no title was derived through the attachment, for Hopkins did not own the property. After the judgment was rendered in favor of appellee against Hopkins, but before the sale thereunder, appellant purchased this

derrick in a sale by it under the alleged terms of the chattel mortgage. The mortgage authorized the mortgagee, and his successors, upon certain contingencies, to take immediate possession of the property described therein and sell same at public auction for cash at the "door of the county court house in Eastland County, Texas, or in Young County, if property is then located therein, by giving the notice of the time and place of sale, as is now required by the statutes of the State of Texas in sales of personal property under execution." Some of the contingencies giving rise to the right to exercise this power had transpired, but the question of whether the sale was valid will be considered hereinafter.

After appellee became the purchaser at the sheriff's sale of the derrick and the leasehold estate in the land upon which same was situated, it executed to the land owner, S. A. Davis, a release of the oil and gas lease, reserving, however, the right to remove the derrick at any time. This release was dated April 14, 1933, and the derrick was left standing on Davis' farm until the fall of that year, when appellant sold same to a party not identified in the record further than that he lived in Wichita Falls. Shortly thereafter it was torn down and moved off the premises. The present suit is based on the allegation that, on or about the 21st day of October, 1933, the approximate date when appellant sold this derrick to the Wichita Falls party, appellee owned and possessed it and defendant unlawfully took possession thereof and converted same to its own use.

The questions to which all of appellant's brief is devoted relate to the alleged materialman's lien asserted by appellee and foreclosed in its judgment against Hopkins. Since appellant was not a party to that suit, it is in no sense bound by the judgment, and the questions should be considered independently of the judgment. If appellee was entitled to a materialman's lien upon the derrick, it was by authority either of the Constitution, art. 16, § 37, or of the Revised Statutes of 1925, art. 5473, as amended by the Acts 1929, 41st Leg., p. 477, c. 223, § 1 (Vernon's Ann. Civ. St. art. 5473). The section of the Constitution referred to gives a lien to mechanics, artisans, and materialmen upon buildings, and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor. Amended article 5473, gives a lien " * * * on the whole of such land or leasehold interest therein, or oil pipe line, or gas pipe line, including the right-of-way for same, or lease for oil and gas purposes, the buildings and appurtenances, and upon the materials and supplies so furnished or hauled, and upon said oil well, gas well, water well, oil or gas pipe line, mine or quarry for which the same are furnished or hauled, and upon all of the other oil wells, gas wells, buildings and appurtenances, including pipe line, leasehold interest, and land used in operating for oil, gas and other minerals, upon such leasehold or land or pipe line and the right-of-way therefor, for which said material and supplies were furnished or hauled or labor performed." The material sold by appellee to Hopkins consisted of various and sundry items, a few of which will be noted as follows: Light wire, light sockets, bull ropes, light globes, nipples, bushing, tallow, bolts, sand lines, brake pulleys, brake bands, babbitt, and the like. These different items were used in the drilling of the well, and some of them, for example, babbitt, tallow, nipples and bolts were used to facilitate the operation of the derrick, and in rigging up. But by no fair construction, as we view the record, could they be held to have been used in the making or the repairing of the derrick, in the sense that those terms are used in the constitutional provision above referred to. Appellant sold this derrick to Hopkins as a complete unit.

It is the contention of appellee that an oil well drilling derrick is an appurtenance to an oil well, and is therefore included within the character of property upon which a lien may be fixed by a materialman under the statute above quoted. We have given careful consideration to this question, and to the authorities dealing therewith, and it is our conclusion that the question has been settled adversely to appellee's contention. Williams v. Magouirk (Tex. Civ. App.) 235 S. W. 640; McClellan v. Haley (Tex. Civ. App.) 237 S. W. 627, affirmed in (Tex. Com. App.) 250 S. W. 413; Security Banking & Investment Co. v. Flanagan (Tex. Com. App.) 254 S. W. 761; Longhart Supply Co. v. Keystone Pipe & Supply Co. (Tex. Civ. App.) 26 S.W.(2d) 389; Woods v. Lanier (Tex. Civ. App.) 66 S.W.(2d) 360.

Appellee places reliance upon the case of Wagner Supply Co. v. Bateman, 118 Tex. 498, 18 S.W.(2d) 1052. The construction which it gives to the opinion in that case is the same as that insisted upon in Longhart Supply Co. v. Keystone Pipe & Supply Co. supra. It was given most careful consideration in that case, and the opinion by the late lamented Chief Justice Conner construes the Wagner Supply Co. v. Bateman Case as establishing only a creditor's materialman's lien against Bateman because of the latter's relationship as partner to the joint enterprise. A writ of error was refused in that case, and we regard such act of refusal as signifying the concurrence by the Supreme Court in that construction. At any rate, we are unable to distinguish the instant case from the Longhart Supply Co. v. Keystone Pipe & Supply Co. Case, and a refusal of a writ of error therein evidences, at least, an approval of its holding.

The case of Hemphill v. Gleason (Tex. Civ. App.) 272 S. W. 275, relied upon by appellee, is to be distinguished from the instant case by the fact that the company there asserting the lien erected the derrick and furnished all the material and labor therefor. It is our conclusion that under the authorities above cited, appellee was not entitled to a materialman's lien upon the derrick in question. This conclusion renders it unnecesary for us to discuss the question of whether the statutory steps for fixing the lien were complied with.

■ Appellee presents that, irrespective of whether it obtained any title through the sheriff's sale, the judgment should nevertheless be affirmed on the theory that since it proved it was in actual possession of the derrick at the time it was torn down and sold by appellant, and since there was no competent testimony that appellant had any right, title, or interest in the same, appellee's right to a judgment was not dependent upon a showing of any title. The rule seems to be established in this state that, in actions for conversion, bare possession is sufficient title upon which to recover as against a naked trespasser. An examination of this record convinces us that the judgment was not based upon the theory now insisted upon, although the trial below was before the court without a jury, and no findings of fact or conclusions of law were filed indicating the theory.

■ In the first place, appellee's petition does not disclose that such theory was contemplated. Its allegations were that it "owned and possessed" the derrick, that appellant unlawfully took possession thereof, and converted same, and that by reason of the premises it sustained damages in the sum of $1,200. This pleading was not calculated to apprise appellant that appellee would rely alone upon its alleged bare possession without any character of title as a ground for maintaining an action against it as a naked trespasser. Willis & Bro. v. Hudson, 63 Tex. 678.

■ Further, the facts with reference to who was in possession of the derrick at the time of the alleged conversion are so meager that it is impossible to determine that question with any certainty. When the attachment was levied in 1931, a son of S. A. Davis, the landowner, was employed to watch the property for appellee. How long he was thus employed does not appear, but his father testified that he was not so employed at the time of the alleged conversion. At the sheriff's sale under its judgment against Hopkins appellee became the purchaser of the leasehold estate and the derrick. Thereafter, and several months prior to the alleged conversion, it released the leasehold estate to the landowner, S. A. Davis, but was granted the right of ingress and egress over the premises for the purpose of removing the derrick. There is no evidence of any character of possession of the derrick by appellee, after it released its oil and gas lease. So far as the record discloses, the derrick was simply left standing on Davis' farm. When appellant sold same, it procured the consent of Davis to tear it down and remove it, paying him $50 for the right to do so. The principle relied upon has application only when the possession continues to the time of conversion, and does not apply after possession has ceased. Wilson v. Palmer, 18 Tex. 592.

■■ Further, the record fails to show that appellant when it sold this derrick to the Wichita Falls party was not acting under a claim of right. Appellee insists that appellant did not prove the mortgage from McFarland to Hopkins and the assignment thereof from the latter to it, and that without such proof it was not shown to have had a semblance of right. The claim is that the instrument introduc-

ed in evidence as the mortgage was a certified copy, and was not filed with the papers of the case before announcing ready for trial. Without considering whether that would render it incompetent evidence and therefore not to be considered in this court, we hold that the record does not support the contention. The certificate of the county clerk attached to the mortgage indicates that it was the original, and no contrary showing is made in the evidence. We must, therefore, so regard it. The powers granted in the mortgage are set forth above. After the contingencies giving rise to the right of the mortgagee and his successors to take possession of the derrick for the purpose of sale had been fulfilled, appellant advertised the derrick for sale on the premises where same was situated, and actually conducted a sale thereof on the derrick floor, at which sale it became the purchaser. The authority granted in the mortgage was to sell it at the courthouse door, and the attempted sale elsewhere was invalid, as against the mortgagor at least. There is no evidence whatever that the mortgagor, McFarland, has ever complained of the sale in this unauthorized manner. Were this a suit between him and appellant, the latter would be classified as a trespasser, but it does not follow that it should be so classified as to appellee, who had no interest whatever in the property. When appellant sold this property to the Wichita Falls party it claimed title thereto by virtue of the sale and acted, not as mortgagee, but as owner. The principle upon which appellee relies for affirmance has application only against one without the semblance of right. First Nat. Bank v. Brown, 85 Tex. 80, 23 S. W. 862. Appellant is not shown to have been a mere stranger and intruder; a naked trespasser without semblance of right.

The pleadings, evidence, and briefs of the parties indicate that the case was not fully developed with reference to the application of the principle of recovery by virtue of naked possession as against a trespasser without semblance of right. On the contrary, it appears to have been tried and decided on the theory that appellee owned the derrick. We, therefore, do not render judgment here, but remand the cause to the lower court.

Reversed and remanded.

## On Rehearing.

Both parties have filed motions for rehearing. The sole question presented by appellant is that the cause should not be remanded to the lower court, but that judgment should be here rendered in its favor. Appellee earnestly presents that the judgment of the trial court should be affirmed, but frankly states that the case has been fully developed and that, should we, upon a reconsideration, be still of the opinion that the judgment below should not be affirmed, then it joins in the request that judgment be here rendered that it take nothing. A reconsideration of the case has convinced us that it cannot be affirmed, and we, therefore, grant the motion of appellant to set aside our former judgment remanding the cause, and here render judgment in its favor.

In its motion for rehearing, the appellee respectfully challenges and requests a correction of certain alleged statements of fact in the court's opinion. Some of the requests appear to us to be challenging, not statements of fact, but conclusions from the facts or statements of law. In so far as the motion challenges statements of fact contained in our opinion, we have considered same and dispose of them as follows:

One statement challenged is this: "The derrick was originally sold upon open account by appellant to Hopkins." The objection made is really one of terminology. In so far as the supplies and equipment sold by appellee to Hopkins are regarded by appellee as a part of the derrick, certainly they were not sold by appellant, but, in so far as the derrick is regarded as a steel tower manufactured by appellant it certainly was sold as a unit by appellant to Hopkins. The statement made in the opinion that it was sold as a complete unit should not be construed to mean that it included the things furnished by appellee and used in rigging up and in drilling the well. Whether the different items furnished by appellee should be regarded as being used in the making or the repairing of the derrick in the sense that those terms are used in the constitutional provision referred to in the opinion is a matter of construction and not the statement of a fact.

Having granted appellant's motion for rehearing, it becomes unnecessary to consider the request to correct our opinion

in so far as it states that the judgment below was not based upon the theory that one in possession has a right to recover for conversion as against a naked trespasser.

■ Our finding that the record does not support the contention that the mortgage offered in evidence was a certified copy and not the original is challenged. Turner Collie, county clerk of Eastland county, while testifying was handed an instrument and was asked what it was, to which he replied, "It seems to be a copy of the chattel mortgage executed by J. C. McFarland." He was then asked, "How did this instrument come into your possession?" to which he replied, "It was in the chattel mortgage file in the clerk's office." When it was offered in evidence appellee's counsel objected to its introduction on the ground that it appeared to be a certified copy, and had not been filed with the papers of the case. The court overruled the objection and admitted the instrument. We are called upon to hold that the instrument was a certified copy, notwithstanding the ruling of the court. We have not the instrument before us, but the copy thereof as set out in the statement of facts clearly indicates that it was the original. It discloses that it was duly acknowledged and that a notary seal was affixed thereto. Attached to it is a certificate by the county clerk of Young county that the "foregoing instrument of writing, together with a copy thereof, was filed in my office on the 19th day of September, 1930;. that I have carefully compared said instruments together and find that the said copy is a full, true and correct copy of the original thereof; that said original was duly acknowledged as required by law; that said copy was filed in my office and the original thereof withdrawn, and that I have filed the same with the chattel mortgages on file in my office." The instrument was further indorsed:

"(Copy)
"Filed for Record at 8 o'clock a. m. June 7, 1930
"R. L. Jones, County Clerk,
"By T. M. Collie, Deputy."

It is provided by statute, article 5492, that if a copy of a chattel mortgage is presented to the clerk for filing instead of the original, it shall be his duty carefully to compare such copy with the original, and that, if the original is witnessed by two subscribing witnesses, or acknowledged, the copy may be filed and the original withdrawn. The certificate of the clerk of Young county clearly discloses that a copy of this instrument was on file in her office, and that the original had been withdrawn. The indorsement of the clerk of Eastland county indicates that a copy had been filed for record, and not the original. We cannot told that the instrument offered in evidence was not the original. We have not seen it. The trial court evidently inspected it and overruled the objection. Clearly we cannot say that he erred in so doing.

■ The question presented here is not addressed to the error of the court in admitting this instrument over the objection of appellee, but it is that the record discloses that a copy, rather than the original, was introduced in evidence, that same constituted no evidence, and that it should be disregarded by this court in determining the question of whether appellant had any semblance of right. Keeping in view the manner in which the question is presented, we could not sustain the contention, even though we should be mistaken in the conclusion above announced that the record does not disclose that the instrument was a copy. It is true that by a long line of decisions following the case of Henry v. Phillips, 105 Tex. 459, 151 S. W. 533, it is established that evidence which is inherently incompetent will not support a verdict or a finding of fact, nor form the basis of a finding of fact in an appellate court, but that rule is not applicable to the question here presented. It applies only to inherently incompetent evidence, and does not apply to evidence which would be competent and relevant had the proper predicate been laid for its admission. It has been expressly held that the rule is not applicable to competent secondary evidence. 17 Tex. Jur. pp. 922, 923, § 416; Id. § 195.

It is our order that appellee's motion for rehearing be overruled, that appellant's motion for rehearing be granted, that the judgment heretofore rendered reversing the judgment of the trial court and remanding the cause for further trial be set aside, and in lieu thereof that judgment be here rendered reversing the judgment of the trial court and rendering judgment that appellee take nothing by its suit.

Reversed and rendered on rehearing.